## Monroe *v.* Township of Rowland.

Plaintiff sued defendant on the following instrument: "The commissioners of highways of the township of Rowland will pay the bearer twenty-two dollars when funds in road district number three and four.

Alexander Palmer,

Rowland, Feb'y 22d, 1841.                    Henry Cornwell,

Commissioners of highways in the township."

*Held*, it was not a warrant or order upon the township treasurer, under the act, Sess. L. 1841, p. 159, sec. 5, but a draft drawn by commissioners upon themselves, and that an action could not be sustained upon it against the township.

Case reserved from Hillsdale Circuit Court. Demurrer to declaration.

*Webb and Howell*, for plaintiff.

*Murphy and Kinman*, for defendant.

*By the court*, Miles J. The declaration contains a special count upon an instrument in the following form:

" The commissioners of highways of the township of Rowland will pay the bearer twenty-two dollars when funds in road district number three and four.

Rowland, Feb. 22d, 1841.

(Signed) Alexander Palmer,<br>Henry Cornwell,

Commissioners of highways in the township."

There are two other special counts upon similar instruments, and a common count for work and labor and upon an account stated.

A demurrer is put in to the special counts: to the common counts the defendant plead the general issue.

The other two instruments bear date on the 25th day of March, 1841.

There is an averment in each count that the instrument therein called a "road warrant" was delivered by the commissioners to the bearer thereof in payment of road work, and for the repair and construction of roads and bridges in the districts therein named.

It is further averred that the plaintiff is the holder and owner of the orders: that they were delivered to him before the commencement of this suit: that the township was in funds, by reason of the payment of road taxes, on the first day of April, 1847, and that on that day he demanded payment of the orders from the township, which was refused.

The conclusion of law drawn by the plaintiff from these facts, is, that the township is thereby rendered liable to pay the amount of the orders. The argument is, that the orders, as they are called, merely imply that the specified amount in each, of highway moneys in the township treasury was due to the holder for work and labor, and that the power to make them is necessarily incident to the office of commissioner of highways.

This proposition is, of course, denied by the defendant: and it remains to be determined, by a careful examination of the statutes relating to this proceeding, whether the plaintiff's declaration is in law sufficient.

By the statute existing at the time those instruments were made, it is provided, that the sum annually raised for the support of roads and bridges is to be paid to the township treasurer. R. S. 1838, p. 84, sec. 5. He is required to pay over and account for all moneys belonging to his township, according to the order of the township, " *or the officers thereby duly authorized in that behalf.*" R. S. 1838, p. 65, sec. 45. Both these statutes were re-enacted in the Revision of 1846.

We are not aware that, previous to the act of April, 1841, hereafter referred to, any provision was made by law for the particular mode in which the funds for this purpose were to be drawn from the hands of the township treasurer; though the commissioners would seem to be clearly entitled to control this fund, to enable them to discharge the duty of keeping the roads and bridges in repair, R. S. 1838, 4 sub. sec 1, p. 109, and to account to the township board for all moneys received. This fund includes not only moneys received by the commissioners, by way of fines and commutations, but also a sum annually raised for this express purpose, and assessed upon the township. R. S. 1838, pp. 109, 110, sec. 4.

By the act of 1841, p. 159, sec. 5, it is provided that no money shall be drawn from the town treasury by the commissioners of highways, in payment for any labor, contract or materials furnished, except

by warrant signed by a majority of them, accompanied by their certificate, stating that the labor has actually been done, contract fulfilled and materials furnished, for which the amount of said warrant is to apply in payment. This statute was in force at the time this suit was brought.

One objection taken by the defendant to the sufficiency of the special counts is, that they contain no averment that such certificate was presented to the township treasurer at the time demand of payment was made.

In my judgment this is immaterial, as these instruments are not in the shape of warrants, or orders upon the township treasurer, but rather of a draft drawn by the commissioners upon themselves: and if we are correct in supposing that under the law as it stood before the act of 1841, the commissioners were entitled to receive and control the funds properly belonging to their department, then this form of obligation might seem proper, as evidence of indebtedness to the holders, to be liquidated when the commissioners were in funds.

Waiving, for the present, the consideration of the inquiry, whether the commissioners could in this way bind the township, the question may well be asked, whether the money should not go through the proper channel to the commissioners, to enable them to discharge their debt and take up their obligation.

But it is argued, that their annual report would include an account of this expenditure, and to whom; and therefore the funds, when received into the hands of the treasurer, would belong to the holders of the obligations, and they be entitled to receive the amount on their presentation. The proposition seems to be, that the commissioners have the right to contract these debts and compel the township to pay them, not in the regular course through their hands, or upon warrant and certificate, under the act of 1841, but upon presenting to the township the obligation of the commissioners promising to pay. This would completely avoid the act of 1841; and if the counsel for the plaintiff will tell me how these papers are to be made sufficient vouchers for the treasurer, upon a settlement by him, with the township board, I will consent to his right to recover in this case.

But we do not see how the plaintiff can recover without the aid of the statute of 1841, unless we consent to give such a construction to

the statutes as to allow the commissioners of highways to contract debts with different individuals, and upon rendering an account of such debts to the township, to enable the holders of their paper to enforce its payment by the town.

This seems so entirely contrary to the whole scope, intention, and spirit of the act, that we must refuse our assent to such construction of it.

It is insisted, however, that the declaration is sufficient, under the act of 1841, without an averment of presenting the certificate; that this is a matter of evidence upon the trial. In this we think the plaintiff *mistaken.* If a demand is at all necessary, it must be such as is required by the act, and be specially averred. The statute is express in its terms of prohibition, *non constat,* that the treasurer would not have paid the money if the proper evidence of indebtedness had been presented.

We conclude, then, the demurrer must be sustained, and that it be so certified to the circuit.

*Certified accordingly.*