

# THE ATTORNEY GENERAL

## OF TEXAS

IN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 28, 1955

Honorable Garland A. Smith, Chairman
Board of Insurance Commissioners
Life Division
Austin, Texas

Opinion No. S-182

Re: Interpretation of Sections 3 and
5 of Chapter 363, Acts of the 54th
Legislature, Regular Session,
1955, as to the necessity of in-
creasing capital or surplus of cer-
tain limited capital stock companies
organized under the provisions of
Article 3.03 of the Insurance Code.

Dear Mr. Smith:

You have requested an opinion concerning whether the
provisions of Senate Bill 12, Acts of the 54th Legislature,
Regular Session, 1955, Chapter 363, page 916, require limited
capital stock companies organized and operated under the pro-
visions of Article 3.03 of the Insurance Code to increase
their capital and surplus to comply with the requirements of
Article 3.02 of the Insurance Code as amended by Senate Bill
12.

You state in your letter:

"Articles of incorporation for four companies
have been approved by your office under the pro-
visions of Article 3.03, and the status of these
companies is now in question for the reasons here-
inafter stated. Two of the companies received ap-
proval, and thus became bodies corporate before
May 15, 1955; the other two companies were incorpo-
rated subsequent to that date. None of the four
companies had received a Certificate of Authority
from the Board of Insurance Commissioners on or
prior to May 15, 1955."

Section 5 of Senate Bill 12 provides:

> "That Article 3.03 of the Insurance Code
> be and it is hereby repealed; provided that
> every company heretofore organized and now
> operating under Article 3.03 shall, after the
> effective date of this amendment to the In-
> surance Code, be permitted to continue to
> operate and write new business subject to the
> provisions of Chapter 3 of the Insurance Code
> as amended, including the provisions of Sec-
> tion 2 of Article 3.02 of the Insurance Code,
> as amended; provided, however, no such company
> shall be required to increase the amount of
> or convert the class or form of its capital or
> surplus to comply with the requirements of
> Paragraph 5 of Article 3.02 of this Code as
> amended."

It is noted that this section

(1) repeals the provisions of Article 3.03 of the Insurance Code;

(2) provides what may be referred to as a "grandfather clause" authorizing companies organized and operating under Article 3.03 on the effective date of Senate Bill 12 to continue opera-tions;

(3) permits companies falling within the "grandfather clause" to continue operation subject to provisions of Section 2 of Article 3.02;

(4) provides an exception to the companies falling within the "grandfather clause" stating that such companies shall not be required "to increase the amount of or convert the class or form of its capital or surplus to comply with the requirements of Paragraph 5 of Article 3.02 of this Code as amended."

In Trio Independent School District v. Sabinal Inde-pendent School District, 192 S.W.2d 899 (Tex.Civ.App. 1946), the court stated the rule of statutory construction governing your question as follows:

> "The act itself shows that it was passed by
> the House on April 17, 1945, by 123 yeas and no
> nays, and was passed by the Senate on May 3rd by
> 26 yeas and 2 nays, and was approved by the
> Governor on May 9, 1945, and it carried the emer-
> gency clause. Said act became effective on May
> 9th, prior to which the election had been held,

its returns canvassed and the order entered by the County School Board carrying the result of said election which favored annexation into effect. An act does not speak just from the date it was passed by the House or by the Senate, but it speaks from the date it takes effect, that is on the date it becomes a law, which in this case was on May 9th, and it was therefore effective on and after such date and included all classes of school districts that were within the purview of the Validating Act which were in being and had been recognized by the state or county authorities as school districts prior to said time. In support of this view Judge Gaines, in the case of Galveston H. & S. A. R. Co. v. State, 81 Tex. 572, 17 S.W.67, 72, in passing upon the effective date of a statute, said:

"'We apprehend that no universal rule of construction can be adopted when a statute, which makes a distinction between future and past transactions, is passed upon one day to take effect upon another; but we think the general rule is that a statute speaks from the time it becomes a law, and what has occurred between the date of its passage and the time it took effect is deemed, with respect to the statute, a past transaction. This is by analogy to the rule for the construction of wills. Price v. Hopkin, 13 Mich. 318; Charless v. Lamberson, 1 Iowa /435/ 442 /63 Am. Dec. 457/; City of Davenport v. /Davenport & St. P./ Railroad Co., 37 Iowa 624; Gilkey v. Cook, 60 Wis. 133 /18 N.W.639/; Jackman v. Garland, 64 Me. 133; /Evansville & C./ Railroad Co. v. Barbee, 74 Ind. 169. This rule should not be applied when the language of the act shows a contrary intention. But we find nothing in the statute under consideration which evinces an intention that the date of its passage, rather than that on which it was to take effect, was to be considered the dividing point between the future and past failures contemplated in the proviso.'" For additional authorities see Scales v. Marshall, 96 Tex. 140, 70 S.W.945 (1902); Mooreman v. Terrell, 109 Tex. 173, 202 S.W.727 (1918); Fischer v. Simon, 95 Tex. 234, 66 S.W. 447 (1902).

Since Senate Bill 12 speaks from its effective date, it is our opinion that the phrase "every company heretofore organized and now operating under Article 3.03" refers to every company organized prior to and operating under Article 3.03 on the effective date of Senate Bill 12.

We are supported in this view by the following: Since Article 3.03 has been repealed by Senate Bill 12, it would be impossible for such company to operate under the provisions of Article 3.03 after the effective date of Senate Bill 12 without the "grandfather clause." Therefore, the phrase "now operating" cannot refer to a date subsequent to the effective date of Senate Bill 12. There is no provision in Senate Bill 12 which shows an intention that the phrase "now operating" refers to a date prior to the effective date of Senate Bill 12 and no date other than the effective date has been specified. Had the Legislature intended any other date than the effective date, it would have contained such language. See Galveston H. & S. A. R. Co. v. State, supra.

You are therefore advised that companies organized under the provisions of Article 3.03 and operating on the effective date of Chapter 363, Acts of the 54th Legislature, are authorized under the provisions of Section 5 to continue operations subject to the provisions of Section 2 of Article 3.02 of the Insurance Code as amended without increasing the amount of or converting the class or form of their capital or surplus as provided in Paragraph 5, Section 1, of Article 3.02 as amended.

## SUMMARY

Companies organized under the provisions of Article 3.03 of the Insurance Code and operating on the effective date of Chapter 363, Acts of the 54th Legislature, 1955, are authorized to continue operations subject to the provisions of Section 2 of Article 3.02 of the Insurance Code, as amended, without increasing the amount of or converting the class or form of their capital or surplus, as provided in Paragraph 5, Section 1 of Article 3.02, as amended.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Elbert M. Morrow
Reviewer

Mary K. Wall
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *John Reeves*
John Reeves
Assistant