JOHN L. JACKMAN *et. ux. vs.* INHABITANTS OF GARLAND.

*Construction of R. S., c. 1, § 3, and Acts of 1874, c. 215, relating to notice of injury.*

Public Laws of 1874, c. 215, approved March 3, 1874, requiring notice to the selectmen of the nature and attendant circumstances of an injury caused by a defective way within sixty days of the occurrence of the accident, (excepting in cases of injuries "already sustained") took effect at the expiration of thirty days after the adjournment of the legislature that enacted it and consequently has no application to the case of an injury received March 7, 1874.

The words "already sustained," in the Act of 1874, c. 215, must be referred to the time when the act took effect and not to its date. In legal contemplation the words are spoken when it becomes the law.

R. S., c. 1, § 3, fixing the time when enactments become laws is a general law of the state affecting all subsequent legislation unless there be some indication of a contrary purpose. Though no legislature is bound by its provisions acquiescence will be presumed unless dissent be shown.

ON REPORT.

ACTION ON THE CASE in which the plaintiffs offer to prove that Julia A. Jackman the female plaintiff then and now the wife of John L. Jackman, on the seventh day of March 1874, received severe and permanent bodily injury through defects and want of necessary repair of a certain highway or town road in Garland, which road or way that town was then and for a long time before had been by law bound to keep in repair; that the town at the time of the injury aforesaid had such reasonable notice of the defects and want of repair that the road or way ought to have been repaired and mended; that female plaintiff and her father who was driving the horse attached to the sleigh were on said seventh day of March thrown from their sleigh and by being so thrown the injury aforesaid was received; that the horse, sleigh, harness and all the accompaniments of said team were safe, sound and proper and that she and her father were then and there in the exercise of due and proper care; that the injury arose wholly from the fault of the town in not having repaired and mended the way; that within a very few days and not exceeding a week after the in-

jury the selectmen of Garland heard of the accident and injury but not the particulars of it and by reason thereof caused said road or way to be repaired at the place where the injury was received.    The plaintiffs however admit that they gave no notice directly to the town or its officers of the defect or want of repair, nor of the injury aforesaid nor of claim for damages until after the expiration of sixty days from the time of said injury, not being then aware that Public Laws of 1874, c. 215, had been enacted.

If upon so much of the foregoing testimony as offered being produced the suit can be maintained, the action is to stand for trial otherwise plaintiffs to be non-suited.

*A. G. Lebroke* for the plaintiffs.

*Josiah Crosby* for the defendants.

DANFORTH, J.    This is an action against the defendant town to recover damages for an injury caused by an alleged defect in a way which they were required to keep in repair.    In 1874 the legislature passed an act, c. 215, amending R. S., c. 18, § 65, and providing that such an action cannot be sustained unless notice of the injury was given to the selectmen within sixty days of the time when it occurred.    In the same act it is provided that it shall not have any application to injuries which have already happened. The injury in this case is alleged to have happened on the seventh day of March 1874.    The act referred to was approved March 3, 1874.    The only question now before the court is whether this act took effect from its approval or not until thirty days after the adjournment of the legislature.    In the former case it was before the injury and as no notice as required was given the action cannot be sustained.    In the latter case it would be after the injury and would not affect the action.

There is no provision in the act fixing the time it shall take effect.    It would therefore become a law upon its approval unless in this respect it is controlled by R. S., c. 1, § 3.    This is a general law and provides that all acts shall take effect thirty days after

Jackman *v.* Garland.

the adjournment of the legislature passing them unless otherwise provided.

But it is said that this law is unconstitutional because one legislature cannot bind another except in cases involving a contract. The reason is founded upon a sound principle and would be entirely valid and conclusive if applicable. But it does not apply. The law does not nor does it purport to bind any subsequent legislature. It is simply a general law of the land, a rule for the government of the people regulating and controlling their rights and obligations so long as it shall remain in force, liable at any time to be modified or repealed and recognizing this liability in terms.

It is further said that if thus liable to be changed, it has been modified or suspended by the terms of this act of 1874, c. 215. We are unable to discover any terms in the latter act which do or purport to control or modify the former in this respect. There is nothing whatever in it tending to fix the time when it shall take effect and the simple fact that in the absence of any such provision the law takes effect upon its passage, cannot by any known rules of construction be considered as abrogating an existing law already passed for that very purpose. It is rather a recognition of that law. If the legislature knowing the existence of that law had desired to take the later one from its effect we must presume that they would have said so in some form of words. This they have not done. They have not even put into the later any provision inconsistent with the earlier. On the other hand both may stand together and have the force intended without any conflict whatever. In such cases it is understood that the later law is passed with express reference to the earlier and both are to be construed together. It is only the adoption of the familiar principle that a law is not repealed unless by some subsequent statute inconsistent with it. It may be true as suggested by counsel that the laws requiring notices on petitions are frequently disregarded by subsequent legislatures. But when they intend to do this that intention is made known by acts the purpose of which cannot be

misunderstood, and this only proves that each legislature acts for itself. In this case any legislature may entirely disregard or abrogate the law fixing the time when statutes shall take effect. But surely this intention is not to be inferred from entire silence or the absence of any acts in relation to it. A familiar application of this principle is in the case of corporations recognized by courts and the legislature, where general laws become a part of the charter granted by later a legislature unless expressly exempted therefrom. The result is simply this: there is a general law fixing the time in which all acts shall take effect at thirty days after the adjournment of the legislature. There is nothing in the law of 1874, c. 215, indicating any intention on the part of the legislature that it is to be excepted from the general rule. It cannot therefore be excepted.

The objection that the words "already sustained" must be construed as referring to the date of the act cannot prevail. An act is of no force until it becomes a law. The words must be construed as if spoken when the act takes effect ; in legal contemplation that is the time when they are spoken. *Gorham* v. *Springfield*, 21 Maine, 58.                                     *Action to stand for trial.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.