This is an action brought by the trustees of the Trio Independent School District to enjoin the Sabinal Independent School District and its trustees and the County Board of School Trustees of Uvalde County from carrying out an order of annexation of the Trio Independent School District to the Sabinal Independent School District. Plaintiffs further seek to restrain the Sabinal Independent School District and the individual defendants as trustees of the Sabinal Independent School District from carrying out certain alleged threatened acts.
The alleged annexation is the result of an election held simultaneously on April 21, 1945, in the two districts. A majority of the voters voting at said election voted for annexation. On May 2nd the County Board of School Trustees met and canvassed the returns of said election, finding that a majority of sixty-four votes of the number of votes cast favored annexation. Based upon said result it entered an order annexing the Trio Independent School District to the Sabinal District.
Appellants contend that the trial court erred in denying the temporary injunction sought by them restraining appellees from taking over the appellants' school district and its properties for the following reasons:
(a) That since appellant was created by a Special Act of the Legislature, appellant is not amenable to the method and procedure of annexation to another school district as prescribed by general law, particularly Art. 2922a et seq., Revised Statutes of Texas 1925, Vernon's Ann.Civ.St. art. 2922a et seq.
(b) That Art. 2922a et seq., known as Chapter 19a, Revised Statutes of Texas, passed by the 39th Legislature, known as Chapter 59, page 204, as well as at the session of the 40th Legislature at its first called session, page 206, Chapter 78, Section 1, is unconstitutional, void and invalid, for the reason that such statutes were enacted at a called or special session of the Legislature, and that the subject matter of such statutes was not within the purview of the Governor's proclamation and call of such special session of the *Page 900 
Legislature, and hence in conflict with Art. 3, Sec. 40, Constitution of the State of Texas, Vernon's Ann.St.
(c) That since the trustees of appellant in no way agreed nor consented to such annexation, but to the contrary opposed same, and further, since the County School Trustees of Uvalde County, Texas, did not appoint a new board of trustees over the alleged annexed district or consolidated district, but permitted the trustees of the appellee district to take control of the new district, that such act is contrary to the provisions of Art. 2806, Revised Statutes of Texas.
Appellants further contend that the court erred in denying the temporary injunction sought by them for the reason that appellee district, same being also a district created by special law, was not authorized by general law in the method pursued to annex appellant district.
If the Validating Act passed by the 49th Legislature, same being House Bill 424, Chapter 192, Acts 49th Legislature, Regular Session, Art. 2815g — 32, Vernon's Ann.Civ.St., applies to this case, it will not be necessary to go into a ramification of all the statutes and laws relating to the merger and annexing of school districts. The above act provides in part as follows:
"All school districts, including common school districts, independent school districts, consolidated common school districts, all county line school districts, including county line common school districts, county line independent school districts, county line consolidated common school districts, county line consolidated independent school districts, rural high school districts, and all other school districts, groupings or annexations of whole districts or parts of districts created by vote of the people residing in such districts or by action of County School Boards, whether created by General or Special Law in this State, and heretofore laid out and established or attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either State or County authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance."
Appellants say that the above act does not apply to the facts of this case for the reason that the act, being a validating act, was intended by the legislature to apply to the situations existing at the time of the passage of the act, and on April 17th, when the act was passed by the House, neither the election nor order of annexation had been held or made.
The act itself shows that it was passed by the House on April 17, 1945, by 123 yeas and no nays, and was passed by the Senate on May 3rd by 26 yeas and 2 nays, and was approved by the Governor on May 9, 1945, and it carried the emergency clause. Said act became effective on May 9th, prior to which the election had been held, its returns canvassed and the order entered by the County School Board carrying the result of said election which favored annexation into effect. An act does not speak just from the date it was passed by the House or by the Senate, but it speaks from the date it takes effect, that is on the date it becomes a law, which in this case was on May 9th, and it was therefore effective on and after such date and included all classes of school districts that were within the purview of the Validating Act which were in being and had been recognized by the state or county authorities as school districts prior to said time. In support of this view Judge Gaines, in the case of Galveston H. S. A. R. Co. v. State, 81 Tex. 572, 17 S.W. 67, 72, in passing upon the effective date of a statute, said:
"We apprehend that no universal rule of construction can be adopted when a statute, which makes a distinction between future and past transactions, is passed upon one day to take effect upon another; but we think the general rule is that a statute speaks from the time it becomes a law, and what has occurred between the date of its passage and the time it took effect is deemed, with respect to the statute, a past transaction. This is by analogy to the rule for the construction of wills. Price v. Hopkin, 13 Mich. 318; Charless v. Lamberson, 1 Iowa [435] 442 [63 Am.Dec. 457]; City of Davenport v. [Davenport St. P.] Railroad Co., 37 Iowa 624; Gilkey v. Cook, 60 Wis. 133 [18 N.W. 639]; Jackman v. Garland, 64 Me. 133; [Evansville C.] Railroad Co. v. Barbee, 74 Ind. 169. This rule should not be applied when the language of the act shows a contrary intention. But we find nothing in the statute under consideration which evinces an intention that the date of its passage, rather than that on which it was to take effect, was to be considered the dividing point *Page 901 
between the future and past failures contemplated in the proviso."
See also: Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727; Fischer v. Simon, 95 Tex. 234, 66 S.W. 447, 882; Scales v. Marshall, 96 Tex. 140,70 S.W. 945, 946. In the case of Scales v. Marshall, supra, it is said:
"Where acts take effect from their passage, the time of approval by the governor, or of final adoption over his veto, or of their becoming laws without his signature, is, in law, called the time of their passage."
And again:
"The rule we are considering is one of construction, merely, and does not control the expressed intention of the legislature; but, as we have seen, the mere use of such words as `before the passage,' `after the passage,' `heretofore,' `hereafter,' or `already,' does not so plainly show an intention to fix a date differing from that of the taking effect of the statute as to control."
Appellants also say "that said Validating Act does not apply to the school district in question because at no time prior to the time of the taking effect of the Validating Act had this district been recognized by the state or county authorities." Concerning this proposition let us refer to the evidence in the record. Before the effective date of this act the election had been held, its returns canvassed and the order entered by the County School Board carrying the annexation into effect. Said order of the County Board declaring the result of said election and entering the order of annexation reads in part as follows:
"Whereas it appears that said elections were in all respects legally held, that said returns were duly and legally made, and that said returns show that a majority of the votes cast favored the annexation;
"Therefore be it ordered and declared by the County Board of School Trustees of Uvalde County that the proposition for annexation of said districts has been approved by the voters of the proposed district, and
"Therefore it be ordered declared by the said board of School Trustees that the Trio Independent School District of Uvalde County is hereby annexed to the Sabinal Independent School District of said County, under the provisions of Articles 2922a and 2922c, Revised Civil Statutes, as amended (Articles 2922a and 2922c, Vernon's Annotated Civil Statutes). The name of said district shall be the Sabinal Independent School District;
"The above order being read, it was moved by Green and seconded by Knippa, that the same do pass, thereupon the question being called for, the following members voted Aye — Johnson, Knippa, Jones and Green, and the following voted Nay — none.
"P. A. Johnson,
"President County Board of
School Trustees, Uvalde
County, Texas.
"Guy D. Dean
"Secretary, County Board of School Trustees, Uvalde County, Texas.
"I, Guy D. Dean, Secretary of the Board of School Trustees of Uvalde County, Texas, hereby certify that the above is a true and correct copy of an order of the County Board of School Trustees of Uvalde County, Texas, adopted at a meeting of said Board held on the 2nd of May, 1945.
"Guy D. Dean, Secretary,
"County Board of School
Trustees, Uvalde County, Texas.
"Uvalde, Texas,
"May 2d 1945."
In entering said order and finding that said elections were in all respects legally held and that the returns were duly made, we think there is no question but that the district was recognized by the County School Board of Trustees, especially coupled with their conduct concerning the district beginning immediately after said order was entered and continuing up to the time this suit was filed. The County Superintendent was also acting as the Secretary of the County School Board and before the 9th day of May he forwarded to both school districts affected a certified copy of the order of annexation. The trustees of the Sabinal Independent School District, in the regular course of events, took charge of both schools and operated them during the remainder of the school term, operated the school busses, paid the bus drivers, paid school teachers, contracted for school teachers, the funds of the Trio district were transferred to the funds of the new district and other acts performed in carrying out said order. *Page 902 
Believing that the trial court did not err in refusing to grant the injunction, its judgment is therefore affirmed.
HALE, J., took no part in the consideration and disposition of this case.