William R. WAUGH, Appellant,

v.

The CITY OF DALLAS, Appellee.

No. 05–90–01086–CV.

Court of Appeals of Texas,
Dallas.

July 31, 1991.

Rehearing Overruled Sept. 11, 1991.

G. Leroy Street, Gregg A. Cooke, Dallas, for appellant.

John Rogers, Dallas, for appellee.

Before WHITHAM, THOMAS and OVARD, JJ.

## OPINION

THOMAS, Justice.

William R. Waugh appeals a summary judgment granted in favor of the City of Dallas arising out of his suit for declaratory judgment to set aside a municipal zoning ordinance. In two points of error, Waugh argues that the trial court erred in granting the City's motion for summary judgment and in denying his motion for summary judgment. We hold that the trial court erred in granting the City's motion for summary judgment as it related to Waugh's constitutional claim relative to allegations of "gerrymandering." Thus, the first point of error as it relates to the "gerrymandering" claim is sustained, and the trial court's judgment relative to that claim is reversed. In all other respects, the points of error are overruled, and the trial court's judgment is affirmed.

## FACTUAL BACKGROUND

The sequence of events relevant to the issues in this appeal are as follows:

1. November 1981, Waugh purchased the real estate at issue (the Property). At that time, the Property was zoned Industrial "I–1."

2. In 1981, Waugh began industrial development of the Property under a master plan that was to include a bank, retail facilities, and two office buildings.

3. July 1984, the Dallas City Council adopted a plan to update the zoning ordinances.

4. July 1987, the City Council formally adopted a "Transition Program" that divided the city into "study areas." The Property comprised approximately one-twentieth of the Skillman/LBJ Special Study Area.

5. November 1988, the City Plan Commission voted to recommend to the City Council that the Property be rezoned from industrial to Multiple Commercial–2. Under the multiple commercial zoning, buildings would be limited to a height of ninety feet and density limitations would be more restrictive.

6. January 1989, Waugh filed a protest to the recommended zoning.

7. February 1989, the City Council accepted the Commission's recommendation to rezone the land.

8. April 1989, the Texas Legislature passed article 974d–37 of the Texas Revised Civil Statutes (the Validation Statute), which purported to validate certain governmental acts.

9. July 1989, the City Council, by a simple majority vote, approved ordinance No. 20390, which officially rezoned the Property as multiple commercial in accordance with the Commission recommendation.

10. August 1989, the Validation Statute became effective.

## PROCEDURAL BACKGROUND

Waugh brought this suit for declaratory judgment to set aside the zoning ordinance. In his original petition, Waugh alleged that the ordinance was invalid because: (1) the City Council did not pass the ordinance by the required three-fourths majority, and therefore the ordinance is an unconstitutional derogation of state law; (2) the ordinance is unconstitutional because it is "an instance of arbitrary, capricious and unreasonable zoning bearing no substantial relationship to the public health, safety and welfare," thereby violating his rights to procedural and substantive due process; and (3) he received different treatment during the rezoning process than other similarly situated landholders, thereby violating his rights to equal protection. Waugh also demanded attorney's fees under section 37.009 of the Civil Practice and Remedies Code. In response, the City filed a general denial and asserted the affirmative defense of sovereign immunity to the claim for attorney's fees.

Thereafter, both Waugh and the City filed motions for summary judgment. The City's motion did not address Waugh's constitutional claims. Eight days before the summary judgment hearing, Waugh filed an amended petition, which restructured his claims against the City. In addition to the arguments contained in the original

petition, Waugh inserted a new count (count two) claiming that the inclusion of the Property in the study area was an instance of unlawful gerrymandering that violated his rights to equal protection and due process. The City did not file an amended or supplemental motion.

Following the summary judgment hearing, the trial court granted the City's motion, denied Waugh's motion, and rendered judgment that Waugh take nothing. Subsequently, the trial court severed counts three and four [1] of the first amended original petition and gave the severed action a separate cause number. We will review only the trial court's actions in regard to counts one (derogation of state law) and two (gerrymandering) as well as Waugh's claim for attorney's fees.

## STANDARD OF REVIEW

The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pleaded by the plaintiff, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). Conversely, the plaintiff can bar summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970); *see also Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 680–81 (Tex.1982). Alternatively, the plaintiff can defeat the motion by conceding that the material facts are undisputed but convincing the court that the defendant's legal position is unsound. *Estate of Devitt*, 758 S.W.2d 601, 602 (Tex. App.—Amarillo 1988, writ denied).

## CITY ORDINANCES AND THE VALIDATION STATUTE

Waugh argues that the ordinance is invalid because the City Council did not pass the ordinance by the required three-fourths majority, and therefore the ordinance is an unconstitutional derogation of state law. *See* TEX. LOCAL GOV'T CODE ANN. § 211.006(d) (Vernon 1988) (setting forth the procedures for passing zoning ordinances). The City first disagrees with

---

1. Counts 3 and 4 allege violations of due process and equal protection under the Texas Constitution.

Waugh's interpretation of section 211.-006(d) and maintains that he was not entitled to a three-fourths vote of the City Council. The City further argues that, even if a three-fourths vote was required under section 211.006(d), the City Council's action was validated by the enactment of the Validation Statute. The Validation Statute reads in pertinent part:

Sec. 1. This article applies to any incorporated city, town, or village operating under general law or under a home-rule charter.

Sec. 2. (a) * * * *

(b) All governmental acts and proceedings of the municipality since adoption or attempted adoption of the charter are validated as of the dates on which they occurred.

Sec. 3. (a) * * * *

(b) All governmental proceedings performed by the governing bodies of all such cities and towns and their officers since their incorporation or attempted incorporation are validated as of the date of such proceedings, including extensions or attempted extensions of extraterritorial jurisdiction undertaken at the request of owners of territory.

Sec. 4. (a) * * * *

(b) The governmental acts and proceedings of the city or town occurring after the annexation may not be held invalid on the ground that the annexation, in the absence of this article, was invalid.

Sec. 5. * * * *

Sec. 6. This article does not apply to any matter that on the effective date of this Act [August 28, 1989]:

(1) is involved in litigation if the litigation ultimately results in the matter being held invalid by a final judgment of a court of competent jurisdiction; or

(2) has been held invalid by a final judgment of a court of competent jurisdiction.

TEX.REV.CIV.STAT.ANN. art. 974d–37 (Vernon Supp.1991). Waugh argues that the Validation Statute is not applicable because it was passed before the City Council enacted the ordinance in issue. The City counters by asserting that the Validation Statute does apply because it became effective after the ordinance was passed. Thus, we must determine whether governmental proceedings occurring between the passage and effective date of the Validation Statute are in fact validated.

Waugh maintains that the legislature intended only to validate those governmental proceedings that had occurred before the bill was passed. According to Waugh, the legislature could not rationally intend to ratify governmental proceedings that had not even occurred before it passed the statute. This identical argument was rejected in *Trio Independent School District v. Sabinal Independent School District*, 192 S.W.2d 899 (Tex.Civ.App.—Waco 1946, no writ). There, a validation statute became effective at the time it was approved by the governor, and the court held that a school-district annexation proceeding was validated even though it occurred between passage of the validation statute by the legislature and its becoming effective on approval by the governor. *Trio*, 192 S.W.2d at 900–01. The Waco court relied heavily on a supreme court case from the last century, which stated:

We apprehend that no universal rule of construction can be adopted when a statute, which makes a distinction between future and past transactions, is passed upon one day to take effect upon another; but we think the general rule is that a statute speaks from the time it becomes a law, and what has occurred between the date of its passage and the time it took effect is deemed, with respect to the statute, a past transaction. This is by analogy to the rule for the construction of wills. This rule should not be applied when the language of the act shows a contrary intention.

*Galveston H. & S.A. Ry. v. State*, 81 Tex. 572, 598, 17 S.W. 67, 72 (1891) (citations omitted). Using that same reasoning, we hold that the Validation Statute applies to governmental proceedings occurring between the date that the statute is passed and its effective date.

Waugh urges this Court to adopt the approach utilized by the California Supreme Court in *Ivanhoe Irrigation District v. All Parties & Persons*, 47 Cal.2d 597, 306 P.2d 824 (1957), *rev'd on other grounds sub nom. Ivanhoe Irrigation District v. McCracken*, 357 U.S. 275, 78 S.Ct. 1174, 2 L.Ed.2d 1313 (1958). Both the California Supreme Court and Waugh express the fear that our interpretation will permit municipalities to "run amok" the day before a validation statute becomes effective and act in derogation of the statutory rights of their inhabitants. *Ivanhoe*, 306 P.2d at 852. Given the facts of this case, we need not address that concern. Waugh was not without a remedy under the Validation Statute. The legislature specifically provided a means for persons in Waugh's position to prevent the validation of obnoxious governmental proceedings: file suit challenging the proceeding before the effective date of the Validation Statute. *See* TEX.REV.CIV.STAT.ANN. art. 974d–37, § 6(1) (Vernon Supp.1991). Waugh had more than a month between the time the ordinance passed and the effective date of the statute to bring his suit against the City.

■ Having determined that the Validation Statute is applicable, we must now decide whether the statute validates the City Council's action in this case. Waugh contends that, because the ordinance was passed in blatant disregard of the three-fourths majority requirement of section 211.006, the City Council's action does not fall within the type of proceeding that the legislature intended to validate. We disagree. This Court held in a similar case that a validation statute cured all defects short of constitutional violations in a zoning ordinance. *Mayhew v. Town of Sunnyvale*, 774 S.W.2d 284, 296 (Tex.App.— Dallas 1989, writ denied), *cert. denied*, —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1049 (1991). The Validation Statute specifically provides that *"[a]ll governmental proceedings ... are validated...."* TEX.REV.CIV. STAT.ANN. art. 974d–37, § 3(b) (Vernon Supp.1991) (emphasis added). We hold that the Validation Statute cured any nonconstitutional defects in the rezoning ordinance including the City Council's alleged failure to comply with section 211.006(d) of the Local Government Code. Thus, the trial court did not err in granting the City's motion for summary judgment or in denying Waugh's motion on this count.

## COUNT TWO—UNLAWFUL GERRYMANDERING

■ Count two of the first amended original petition alleged that the City had violated Waugh's rights to due process and equal protection of the laws because of the City's "gerrymandering" of the property into the study area. Because this claim involves the violation of constitutional rights, the Validation Statute is not applicable. *See Mayhew*, 774 S.W.2d at 296. The City's motion for summary judgment did not discuss this claim. Thus, the trial court erred in granting summary judgment on count two. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). We further hold, however, that the trial court did not err in denying Waugh's motion for summary judgment on this count because there is no summary judgment evidence to support this allegation of constitutional deprivation.

## ATTORNEY'S FEES

■ Waugh also contends that the trial court erred in granting summary judgment in favor of the City on the issue of attorney's fees. The City maintains that it is not liable for attorney's fees under section 37.009 of the Civil Practice and Remedies Code because it is protected by sovereign immunity. We agree and hold that, as a matter of law, the City is not liable to Waugh for attorney's fees under section 37.009 of the Civil Practice and Remedies Code.

■ Section 37.009 reads, "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). The bringing of declaratory judgment actions does not waive the

City's right to sovereign immunity. Normally, statutes purporting to waive sovereign immunity do so in relatively explicit terms. *City of Houston v. Lee,* 762 S.W.2d 180, 188 (Tex.App.—Houston [1st Dist.] 1988), *rev'd on other grounds,* 807 S.W.2d 290 (Tex.1991); *Texas Employment Comm'n v. Camarena,* 710 S.W.2d 665, 671 (Tex.App.—Austin 1986), *rev'd on other grounds,* 754 S.W.2d 149 (Tex.1988); *see also, e.g.,* TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon Supp.1991) (waiving sovereign immunity for damages arising from various governmental functions including zoning). We agree with the holding of the Houston First District Court of Appeals that section 37.009 contains no express or implied waiver of sovereign immunity. *City of Houston,* 762 S.W.2d at 188. In support of his argument that the City's sovereign immunity was waived under section 37.009, Waugh relies on *Duncan v. Pogue,* 759 S.W.2d 435, 435–36 (Tex.1988), and *District Judges v. Commissioners Court,* 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). While both cases involve municipal liability under section 37.009, neither one discusses sovereign immunity. Thus, the cases are distinguishable because, in this case, the City has specifically raised the defense of sovereign immunity. Therefore, we conclude that the trial court did not err in rendering summary judgment in favor of the City on the issue of attorney's fees.

## DISPOSITION

The trial court's judgment relative to Waugh's claim in count two is reversed, and that portion of the cause is remanded to the trial court for further proceedings consistent with this opinion. The trial court's judgment relative to count one and Waugh's claim for attorney's fees is affirmed.