The CITY OF EL PASO, Appellant,

v.

CROOM CONSTRUCTION COMPANY, INC., Appellee.

No. 08–92–00380–CV.

Court of Appeals of Texas, El Paso.

Oct. 13, 1993.

Rehearing Overruled Nov. 17, 1993.

**154**

Laura P. Gordon, Asst. City Atty., David C. Caylor, City Atty., El Paso, for appellant.

E. Link Beck, Beck & James, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

In this case, the City of El Paso claims attorney's fees were wrongfully assessed against it under the Uniform Declaratory Judgments Act. We find the trial court did not abuse its discretion in awarding fees against the City, and affirm the award.

## FACTS

The City of El Paso contracted with Croom Construction Company to build Cohen Stadium, a city facility which among other functions, is home to the Diablos, El Paso's minor league baseball team. As the project neared completion, disputes arose between the parties which eventually led Croom to sue the City for payments under the contract. After discovery Croom amended its petition, adding a request under the Uniform Declaratory Judgments Act, TEX. CIV.PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1986), that the trial court interpret the contract regarding the City's obligation to provide electrical power at the stadium site during construction.[1] The trial court entered a declaratory judgment for Croom, and after court-ordered arbitration, the City agreed to entry of judgment against it. After a hearing, the trial court entered judgment against the City for Croom's attorney's fees. The City appeals only from the award of attorney's fees to Croom. Throughout this litigation, the City has asserted the defense of sovereign immunity.

## DECLARATORY JUDGMENTS AND SOVEREIGN IMMUNITY

■■■ The only issue before us is whether Texas Local Government Code § 5.904 (Vernon Supp.1993) precludes an award of attorney's fees against a municipality in a declaratory judgment action. That statute, which took effect August 28, 1989, provides:

(a) A municipality may not be considered a corporation under a state statute governing corporations unless the statute extends its application to a municipality by express use of the term 'municipal corporation,' 'municipality,' 'city,' 'town,' or 'village.' TEX.GOV'T CODE ANN. § 5.904.

The Uniform Declaratory Judgments Act defines "persons" to specifically include municipal corporations:

In this chapter, 'person' means an individual, partnership, joint-stock company,

---

1. Although the City argues on appeal that the declaratory judgment count was added by Croom only as an attempt to avoid the sovereign immunity defense and obtain attorney's fees, it made no such objection below. We find the record clearly shows, moreover, that the parties had a *bona fide* dispute as to their rights and obligations under this portion of the contract.

unincorporated association or society, or *municipal or other corporation of any character.* TEX.CIV.PRAC. & REM.CODE ANN. § 37.001. [Emphasis added].

The Act clearly waives immunity for municipalities in actions seeking declaratory judgment, and indeed requires that municipalities be joined as parties in any action involving the validity of a municipal ordinance. TEX. CIV.PRAC. & REM.CODE ANN. §§ 37.004 and 37.006.

As to attorney's fees, the Act provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009. Although this section does not specifically state that municipalities are liable for attorney's fees, neither does it list any other entity subject to assessment of costs.

We find that the legislature expressly included municipal corporations within the full ambit of the Uniform Declaratory Judgments Act, and there is nothing in the Act exhibiting a legislative intent to exempt municipalities from the section authorizing awards of attorney's fees and costs. The legislature defined "person" within the Act only once; we believe the trial court correctly referred back to that definition in determining whether the City should pay attorney's fees here.

The City cites authority from several of our sister courts holding governmental units immune from attorney's fees awards under § 37.009. *See Waugh v. City of Dallas,* 814 S.W.2d 492, 497 (Tex.App.—Dallas 1991, writ denied); *Rodeheaver v. Steigerwald,* 807 S.W.2d 790, 792 (Tex.App.—Houston [14th Dist.] 1991, writ denied), *cert. denied,* — U.S. ——, 112 S.Ct. 1167, 117 L.Ed.2d 414 (1992); *Texas Department of Human Services v. Methodist Retirement Services, Inc.,* 763 S.W.2d 613, 614 (Tex.App.—Austin 1989, no writ); *City of Houston v. De Trapani,* 771 S.W.2d 703 (Tex.App.—Houston [14th Dist.] 1989, writ denied). We note that several of these cases upheld judgments for attorney's fees under other statutes, such as 42 U.S.C. 1988, which clearly waive governmental immunity. In those cases, therefore, discussion of § 37.009 is mere *dicta. See De Trapani,* 771 S.W.2d at 708. Moreover, upon review

of these cases, we find they ignore the express inclusion of municipalities found at § 37.001.

In the only Texas Supreme Court case addressing this issue, the high court found no abuse of discretion where the trial court awarded § 37.009 attorney's fees against the Hopkins County Commissioner's Court. *Duncan v. Pogue,* 759 S.W.2d 435, 435–36 (Tex.1988). The Supreme Court expressly found that the court of appeals' order striking that award was "contrary to this statutory authorization." *Duncan* was decided before the legislature passed TEX.GOV'T CODE ANN. § 5.904, but we find it persuasive that the high court so easily found statutory authority for attorney's fees against a county, which would not be protected by § 5.904 in any event.

For these reasons, we differ from those courts cited by the City of El Paso, and we conclude from reading the plain language of the Declaratory Judgments Act that the legislature did intend municipal corporations to be liable for attorney's fees in appropriate cases. The trial court therefore acted within its discretion in awarding Croom its attorney's fees here.

## CONCLUSION

The Uniform Declaratory Judgments Act specifically defines municipalities as "persons" subject to its provisions, and provides that the trial court may award attorney's fees and costs "as are equitable and just." Because the Act specifically includes municipalities within its terms, the protections of TEX. GOV'T CODE ANN. § 5.904 do not apply. The trial court did not abuse its discretion in awarding Croom Construction Company its attorney's fees. We therefore affirm the trial court's judgment.

OSBORN, Chief Justice, dissenting.

I respectfully dissent. First it must be noted that in *Pogue v. Duncan,* 753 S.W.2d 255 (Tex.App.—Tyler 1988), the trial court granted a petition for writ of mandamus and awarded attorney's fees. On appeal, the Court of Appeals reversed on the grounds that attorney's fees are not recoverable

against a county under TEX.CIV.PRAC. & REM. CODE ANN. § 38.001 (Vernon 1986). The Texas Supreme Court reversed on the basis that the Uniform Declaratory Judgments Act expressly provides for an award of costs and reasonable and necessary attorney's fees. *Duncan v. Pogue,* 759 S.W.2d 435 (Tex.1988). We must conclude that either sovereign immunity was not raised or both courts chose to totally ignore the issue. We believe it was not raised, and the case has no precedential value on the issue now before the Court.

The Supreme Court's opinion in *Duncan v. Pogue* was mentioned in the Court's opinion in *Rodeheaver v. Steigerwald,* 807 S.W.2d 790 (Tex.App.—Houston [14th Dist.] 1991, writ denied), *cert. denied,* —— U.S. ——, 112 S.Ct. 1167, 117 L.Ed.2d 414 (1992). Justice Sears wrote:

> Attorney's fees are not recoverable against a governmental entity under the Declaratory Judgment Act.

*Id.* at 793.

In *Waugh v. City of Dallas,* 814 S.W.2d 492 (Tex.App.—Dallas 1991, writ denied), the *Duncan v. Pogue* decision was again relied upon as a basis for an award of attorney's fees. In that case, Justice Thomas wrote:

> We agree with the holding of the Houston First District Court of Appeals that section 37.009 contains no express or implied waiver of sovereign immunity. *City of Houston [v. Lee]* 762 S.W.2d [180] at 188 [Tex. App.1988].

Twice, Courts of Appeals have considered the *Duncan* holding and twice they have announced it did not authorize the award of attorney's fees in a Declaratory Judgments Act case where sovereign immunity was raised. And twice, the Texas Supreme Court denied a writ seeking to have those holdings overturned. As the majority notes, other courts of appeals have reached those same results. I believe this Court should also. I dissent to our failure to follow the holdings of those Texas cases that have passed on this issue where sovereign immunity has been timely raised.