NUMBER 13-06-023-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CITY OF WESLACO, TEXAS, Appellant,


v.



BAUDELIO CASTILLO, ET AL., Appellees.

 



On appeal from the 332nd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, the City of Weslaco, Texas ("the City"), appeals from the confirmation of
an arbitration award in favor of appellees, Baudelio Castillo, David Gamez, Jose Angel
Rodriguez, Brent Kennedy, and Adan Sanchez. (1) In two issues, the City contends the trial
court erred in (1) confirming the award because the arbitration panel exceeded its authority 
under the collective bargaining agreement ("CBA"), and (2) awarding attorneys' fees to
appellees. We modify the judgment and, as modified, affirm. 

Background


 In 1998, appellees presented numerous complaints to the City regarding alleged
acts of harassment, official oppression, retaliation and discrimination against them by then-Police Chief, J. D. Martinez, and other senior police department personnel. Appellees
alleged that certain actions taken against them by Chief Martinez and others were in
violation of the CBA between the parties. (2) On February 25, 1999, the parties signed an
agreement to arbitrate the claims under the Uniform Arbitration Act. The agreement
provides that the written decision of the two arbitration judges "shall be binding upon the
sides." (3) The arbitration panel heard sworn testimony from approximately thirty witnesses
in seventeen days of hearings held over several months, from February to June 1999. On
August 30, 1999, the panel issued its decision. Among other things, the panel found that
senior police officers had engaged in "intentional, oppressive and harmful acts" against
appellees, that Chief Martinez "knew or should have known" of the senior officers'
misconduct, and that by "fail[ing] to stop" the officers' abuse of their authority, Chief
Martinez sanctioned the misconduct. The arbitration award also (1) awarded monetary
damages to appellees, (4) (2) awarded appellees $20,000.00 in attorneys' fees, and (3)
ordered the removal of certain written reprimands or charges from appellees' personnel
files. 

 On September 14, 1999, the City filed suit, seeking a declaratory judgment that the
arbitration panel had exceeded its authority under the CBA and chapter 143 of the local
government code. (5) Appellees answered and filed a counter-claim, seeking confirmation
of the arbitration award. On November 20, 2000, appellees filed a motion for summary
judgment, contending that the City, as the losing party seeking to vacate the arbitration
award, had the burden to bring forth a complete record that would warrant vacating the
award, and noting that it is undisputed that no complete record of the arbitration
proceedings exists. On March 11, 2004, the City filed a motion for summary judgment,
contending that the arbitration panel exceeded its authority under the CBA and chapter 143
of the local government code. The parties filed several supplemental answers and
responses. On May 25, 2004, the trial court granted appellees' motion for summary
judgment and affirmed the arbitration award. The May 25, 2004 order did not address the
City's claims or the issues of attorneys' fees and interest. On December 13, 2005, the trial
court issued an order, in which it (1) took notice that appellees had established attorneys'
fees and expenses in the amount of $47,652.77, and (2) awarded appellees attorneys' fees
in the amount of $40,000 (plus attorneys' fees in the event of appeal), plus pre- and post-judgment interest. This appeal ensued. 

 Standard of Review and Applicable Law


 Where a party appeals a grant of summary judgment in a suit to vacate an
arbitration award, we review the district court's ruling de novo. (6) As "long as the arbitrator's
decision draws its essence from the collective bargaining agreement and the arbitrator is
not fashioning his own brand of industrial justice," we will decline to vacate the award. (7) In
applying the "essence" test, an arbitration award "must have a basis that is at least
rationally inferable, if not obviously drawn, from the letter or purpose of the collective
bargaining agreement. . . . The award must, in some logical way, be derived from the
wording or purpose of the contract." (8)

 Although we accord an arbitrator's decision considerable deference regarding the
merits of the controversy, the CBA circumscribes his jurisdiction. (9) An arbitrator may look
beyond the written contract when interpreting a collective bargaining agreement if the
instrument is ambiguous or silent upon a precise question. (10) Where the arbitrator exceeds
the express limitations of his contractual mandate, judicial deference ends and vacatur or
modification of the award is an appropriate remedy. (11)

Jurisdiction


 Initially, we address appellees' "motion to determine jurisdiction," in which they seek
dismissal of the City's appeal, contending that: (1) the trial court's May 25, 2005 order
disposes of all parties and issues and is therefore a final order, (2) the December 13, 2005
order is a nullity because the court's plenary power had expired, and (3) therefore, the
City's filing of its notice of appeal was untimely. The City argues that the May 25, 2005
order "addressed the merits of the case but did not resolve the issue of attorneys['] fees
and interest," and that the December 13, 2005 order "disposed of all issues as to all
parties" and became the court's final judgment, from which the City timely appealed. 

 A judgment is not final unless it disposes of all pending parties and claims in the
record. (12) There can be no presumption that a motion for summary judgment addresses
all of the movant's claims. (13) In cases in which only one final and appealable judgment can 
be rendered, a judgment issued without a conventional trial is final for purposes of appeal
if and only if it either states with unmistakable clarity that it is a final judgment or actually
disposes of all claims and parties then before the court, regardless of its language. (14) The
law does not require that a final judgment be in any particular form. (15) Therefore, whether
a summary-judgment order is a final judgment must be determined from its language and
the record in the case. (16) 

 Here, the May 25, 2005 order, entitled "Judgment Confirming Award," (1) states that
appellees "are entitled to Summary Judgment and a judgment confirming the award of the
arbitrator," and (2) orders that appellees "have judgment as specified in the Arbitrator's
Order of August 30, 1999." It neither addresses the City's request for declaratory relief and
attorneys' fees, nor does it contain a "Mother Hubbard" clause, stating that "all relief not
expressly granted is denied." 

 The December 13, 2005 order, entitled "Order Granting Defendants' Attorney's Fees 
and Interest on Judgment," (1) notes that both the City and appellees sought attorneys'
fees under the Declaratory Judgment Act, (17) and (2) awards appellees attorneys' fees
(including attorneys' fees on appeal) and pre- and post-judgment interest. The order
further states that "[a]ll writs and processes for the enforcement and collection of this
judgment or the costs of court may issue as necessary" and "[a]ll further relief not expressly
granted in this judgment is hereby DENIED." We conclude that because the May 25, 2005
order did not dispose of the City's claims for declaratory judgment or attorneys' fees, it was
not a final appealable order. In addition, although we recognize that a "Mother Hubbard"
clause alone does not indicate that a judgment rendered without a conventional trial is
final, (18) we nonetheless conclude that based on the language of the order and the record
in this case, the December 13, 2005 order is a final, appealable order. Accordingly, we
hold the City's notice of appeal was timely filed.

Appellees' Motion for Summary Judgment 


 In its first issue, the City complains the trial court erred in confirming the arbitration
award because the arbitrators exceeded the scope of their authority under the CBA. Article
I of the CBA states that the purpose of the agreement is "to provide for an equitable and
orderly process that addresses salaries, working conditions, and employee-employer
working relations that may arise" during the term of the agreement. Article XXII, section
7 of the CBA provides, in pertinent part, "[n]o police officer shall be discriminated against
in any way because of activity on behalf of the Union." Article XXVII, entitled "Grievance
Procedures," provides for arbitration of grievances. Subparagraph (2) of this section
provides:

 The hearing on the grievance shall be informal and the rules of
evidence shall not apply. The Arbitrator shall not have the power to add to,
subtract from, to modify, the provisions of this agreement in arriving at a
decision on the issue or issues presented; and shall confine his decision
solely to the precise issue or issues submitted for arbitration, and shall have
no authority to determine any other issues not directly presented in the
grievance. The decision of the Arbitrator shall be final and binding upon the
grievant and the City.


 Paragraph II of the arbitration award states that from November 1997 to August
1999, appellees were "harassed, intimidated, embarrassed, cajoled, denied advancement,
suspended, removed from work positions within the Police department, forced to suffer
monetary damage, suffered violations of their civil rights, and were publicly humiliated" by
Chief Martinez and other senior police officers. In Paragraph VI(A), in which the arbitration
panel offers its "Conclusion[s]," the award states that the City, through its senior police
officers, engaged in "official oppression, discrimination, and punitive retaliation" against
appellees in violation of section 7 of the CBA. As noted above, section 7 of Article XXII of
the CBA prohibits discrimination against officers because of Union activity. We find no
other reference in the arbitration award to a specific section of the CBA. Accordingly, we
conclude that the award is based on the arbitrators' conclusion that the City and its senior
officers discriminated against appellees because of their Union activities.

 In their motion for summary judgment, appellees contend they are entitled to
judgment because as the losing party seeking to vacate the award, the City has the burden 
to produce a complete record establishing a basis for modifying or vacating the award, and
no such record exists. Appellees note that in Article XXIV of the CBA, providing for
arbitration of disciplinary actions against police officers, paragraph six of section three
provides:

 A stenographic transcription of the [arbitration] proceeding shall be
made only upon written agreement of the parties prior to commencement of
the hearing. Should there be no agreement, the party desiring the transcript
may have the transcript made at its sole expense. Hearings may be
recorded by audio tape by either party and a copy of the audio recording
shall be made available to the other party upon request. 


 In support of their motion, appellees presented the following summary judgment
evidence: (1) a copy of the City's Motion to Continue (in which the City admits that it has 
the burden to bring forth a complete record of the proceedings giving rise to the adverse
award); (2) affidavits of the arbitrators, appellees' counsel, and one of the appellees, all of
which state that no complete record of the arbitration proceedings exists; and (3) a copy
of the CBA. In support of its argument, appellees cite Eurocapital Group Ltd. v. Goldman
Sachs & Co., 17 S.W.3d 426, 429 (Tex. App.-Houston [1st Dist.] 2000, no pet.); Kline v.
O'Quinn, 874 S.W.2d 776, 790-91 (Tex. App.-Houston [14th Dist.] 1994, writ denied) (op.
on motions for reh'g); and Atrium Westwood VIII Venture v. Barrick Westwood Ltd. P'ship,
693 S.W.2d 699, 700-01 (Tex. App.-Houston [14th Dist.] 1985, no writ). We agree that
these cases support appellees' argument that the City had the burden to bring forth a
complete record establishing a basis for vacating or modifying the award. (19) Without a
record, we presume that adequate evidence was presented to support the arbitrator's
award. (20) The burden is on the City to establish that the arbitrators exceeded their authority;
the City has not met its burden. The record before us does not include any evidence that
the arbitrators exceeded their authority. We overrule the City's first issue and affirm the
trial court's order confirming the arbitration award.

Attorneys' Fees 


 In its second issue, the City contends the trial court erred in awarding attorneys' fees
to appellees because the CBA contains no provision authorizing the award of attorneys'
fees. Appellees argue that "[w]here the CBA is silent, the arbitrator is presumed to have
authority if it is necessarily implied by the authority to address the subject matter." The trial
court's December 13, 2005 order granting appellees attorneys' fees notes that the City
requested relief under the Declaratory Judgment Act and that appellees' request for
attorneys' fees was also based on the Declaratory Judgment Act. (21) The order notes that
the following cases "concerning the Declaratory Judgment Act" support appellees' request
for attorneys' fees: Tex. Educ. Agency v. Leeper, 893 S.W.2d 432 (Tex. 1995);
Farnsworth v. Deaver, 147 S.W.3d 662 (Tex. App.-Amarillo 2004, no pet.); Agan v.
Comm'rs Court of Titus Co., 922 S.W.2d 640 (Tex. App.-Texarkana 1996), aff'd in part,
rev'd in part, 940 S.W.2d 77 (Tex. 1997); City of El Paso v. Crum Const. Co., 864 S.W.2d
153 (Tex. App.-El Paso 1993, writ denied); and Knighton v. Int'l Bus. Machs. Corp., 856
S.W.2d 206 (Tex. App.-Houston [1st Dist.] 1993, writ denied). 

 Although the cases cited in the trial court's December 13, 2005 order "concern" the
Declaratory Judgment Act, the only case that involves arbitration is City of El Paso, and it
is inapposite. (22) This Court has held that there is "no basis for recovery of attorneys' fees
in a successful defense against an action to vacate an arbitration award." (23) In Int'l Bank
of Commerce-Brownsville, we also rejected the argument (apparently relied on by the trial
court in this case) that a party is entitled to attorneys' fees because it sought a declaratory
judgment from the trial court. (24) Because we conclude the trial court erred in awarding
appellees attorneys' fees, we sustain the City's second issue. (25)

Conclusion 


 We modify the trial court's judgment to delete the trial court's award of $40,000.00
in additional attorneys' fees for enforcing the arbitration award, plus the additional
attorneys' fees for appealing to this Court, and for potentially appealing to the supreme
court. (26) As modified, we affirm the trial court's judgment confirming the arbitration award. 



 
 LINDA REYNA YAÑEZ, Justice





Memorandum opinion delivered and filed 

this the 27th day of September, 2007.

1. Appellees are police officers (or former officers) for the City of Weslaco. At the time of the
arbitration, they were members of the Weslaco Municipal Police Union ("the Union"), then the bargaining agent
for Weslaco police officers. 
2. The applicable CBA was in effect from October 1, 1997, through September 30, 1999. 
3. Emphasis in original. 
4. The arbitration panel awarded monetary damages to appellees in the following amounts: (1)
$10,170 to Baudelio Castillo, (2) $4,000 to Adan Sanchez, (3) $2,500 to Jose Angel Rodriguez, (4) $2,500 to
David Gamez, and (5) $4,000 to "Bruce" [Brent] Kennedy. 
5. See Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (Vernon 1999 & Supp. 2006). 
6. Houston Lighting & Power Co. v. Int'l Bhd. of Elec. Workers, Local Union No. 66, 71 F.3d 179, 181
(5th Cir.1995).
7. Id. at 182 (quoting Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n, 889 F.2d
599, 602 (5th Cir. 1989)). 
8. Executone Info. Sys., Inc. v. Davis, 26 F.3d 1314, 1325 (5th Cir.1994) (citation omitted).
9. Delta Queen Steamboat Co. v., 889 F.2d 599 at 602. 
10. Id.
11. Id.
12. Cartwright v. Cologne Prod. Co., 182 S.W.3d 438, 443 (Tex. App.-Corpus Christi 2006, pet.
denied) (citing Guajardo v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001) (per curiam); Garcia v. Comm'rs
Court, 101 S.W.3d 778, 784 (Tex. App.-Corpus Christi 2003, no pet.)).
13. Id. (citing McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam)). 
14. Id. (citing Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001); Garcia, 101 S.W.3d at 784). 
15. Id. (citing Lehmann, 39 S.W.3d at 195; Garcia, 101 S.W.3d at 784). 
16. Id. (citing Lehmann, 39 S.W.3d at 195; Garcia, 101 S.W.3d at 784). 
17. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997).
18. See First Nat'l Bank v. DeVillagomez, 54 S.W.3d 345, 348 (Tex. App.-Corpus Christi 2001, pet.
denied).
19. See GJR Mgmt. Holdings, L.P. v. Raus, 126 S.W.3d 257, 263 (Tex. App.-San Antonio 2003, pet.
denied); Anzilotti v. Gene D. Liggin, Inc., 899 S.W.2d 264, 267 (Tex. App.-Houston [14th Dist.] 1995, no pet.). 
 
20. Anzilotti, 899 S.W.2d at 267; Kline v. O'Quinn, 874 S.W.2d 776, 783 (Tex. App.-Houston [14th
Dist.] 1994, writ denied) (holding that without a transcription of the arbitration proceedings, we must presume
adequate evidence to support the award); House Grain Co. v. Obst, 659 S.W.2d 903, 906 (Tex. App.-Corpus
Christi 1983, writ ref'd n.r.e.) (same). 
21. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997) (providing that a court may award
costs and reasonable and necessary attorneys' fees in proceeding under Declaratory Judgment Act). 
22. The court in City of El Paso held that municipal corporations may be held liable for attorneys' fees
in declaratory judgment actions. City of El Paso v. Croom Const. Co., Inc., 864 S.W.2d 153, 155 (Tex.
App.-El Paso 1993, writ denied). 
23. Int'l Bank of Commerce-Brownsville v. Int'l Energy Dev. Corp., 981 S.W.2d 38, 54 (Tex.
App.-Corpus Christi 1998, pet. denied) (rejecting trial court's award of additional attorneys' fees in arbitration
award under the FAA); see also Perry Homes v. Cull, 173 S.W.3d 565, 574 (Tex. App.-Ft. Worth- 2005, pet.
granted) (noting a trial court may not add post-arbitration attorneys' fees to the arbitration award); Crossmark,
Inc. v. Hazar, 124 S.W.3d 422, 436 (Tex. App.-Dallas 2004, pet. denied) (noting, in reviewing arbitration
award under TAA, that "If an arbitration award includes an award of attorneys' fees, a trial court may not award
additional attorney fees for enforcing or appealing the confirmation of the award, unless the arbitration
agreement provides otherwise."); Cooper v. Bushong, 10 S.W.3d 20, 26 (Tex. App.-Austin 1999, pet. denied)
(noting, in challenge to arbitrator's decision pursuant to the TAA, that absent evidence to support modification
of arbitrator's award, a court must confirm the award).
24. See Int'l Bank of Commerce-Brownsville, 981 S.W.2d at 54. 
25. We note that although the arbitration award is silent as to pre- and post-judgment interest and
costs, appellees' pleadings include a request for the award of interest and costs. The trial court's December
13, 2005 order awards pre- and post-judgment interest to appellees and adjudges all costs against the City. 
The City does not challenge the trial court's award of interests and costs, and accordingly, those elements
of the trial court's judgment remain intact. 
26. See Crossmark, 124 S.W.3d at 437.