**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**METHODIST RETIREMENT SERVICES, INC., et al., Appellees.**

**No. 3–88–110–CV.**

Court of Appeals of Texas, Austin.

Jan. 11, 1989.

Dwight Martin, Asst. Atty. Gen., Austin, for appellant.

Phyllis Schunck, Wood, Lucksinger & Epstein, Austin, for appellees.

Before POWERS, EARL W. SMITH * and JONES, JJ.

EARL W. SMITH, Justice.

In October 1987 Methodist Retirement Services, Inc. and ARA Services, Inc. (appellees) brought this suit for declaratory and injunctive relief against the Texas Department of Human Services (appellant) and Janice Caldwell, the Department's Deputy Commissioner for Services to the Aged and Disabled. The suit arose out of the

---

* [Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988)].

parties' contractual relationship under the Medicaid program. Although the details of the dispute need not be mentioned, it is necessary to note that Caldwell was not sued in her individual capacity; rather, she was named as a defendant only because she was "the official responsible within [the Department] for administration of the Medicaid program." Plaintiffs' First Amended Original Petition at 3. In other words, appellees did not seek to hold Caldwell personally liable for money damages.

The trial court rendered the requested relief for appellees in April 1988. The trial court also rendered judgment at that time that appellees "shall recover from [the Department] attorney's fees incurred in connection with this cause in the amount of $10,000." In its only point of error, the Department contends the trial court was without authority to make the award of attorney's fees. Appellees respond with the claim that the award was authorized by Tex.Civ.Prac. & Rem.Code Ann. §§ 37.009 and 104.001 (1986 & Supp.1989).

■ This Court has held previously that § 37.009 does not waive the State's immunity from liability for attorney's fees. *Texas Employment Com'n v. Camarena*, 710 S.W.2d 665 (Tex.App.1986), rev'd on other grounds, 754 S.W.2d 149 (Tex.1988). We adhere to that position today.

Turning to § 104.001, as amended (three times) in 1987, we find that it provides in relevant part as follows:

> In a cause of action based on conduct described in Section 104.002, the State *shall indemnify the following* persons for actual damages, court costs, and attorney's fees adjudged against:
>
> (1) an employee, a member of the governing board, or any other officer of a state agency, institution, or department. . . .

(Emphasis added.) The emphasized portion of § 104.001 is applicable to all suits, such as this one, filed on or after September 2, 1987. 1987 Tex.Gen.Laws, 1st Called Sess., ch. 2, § 4.05, at 51.

Texas Civ.Prac. & Rem.Code Ann. § 104.002 (Supp.1989), also amended in 1987, provides in relevant part:

> The state is liable *for indemnification* under this chapter only if the damages are based on an act or omission by the person in the course and scope of the person's office, employment, or contractual performance for or service on behalf of the agency, institution, or department and if:
>
> (1) the damages arise out of a cause of action for negligence, except a wilful or wrongful act or an act of gross negligence; or
>
> (2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States, except when the court in its judgment or the jury in its verdict finds that the person acted in bad faith, with conscious indifference or reckless disregard. . . .

(Emphasis added.) Appellees argue that § 104.002(2) is applicable because the underlying claim involved (allegedly) unconstitutional actions on the part of the Department.

It is relevant, too, that Tex.Civ.Prac. & Rem.Code Ann. § 104.008 (1986) provides that "[t]his chapter does not waive a defense, *immunity*, or jurisdictional bar *available to the state* or its officers, employees, or contractors". (Emphasis added.)

■ In our interpretation of § 104.001, we are bound by three elementary principles of law. First, the State is immune from liability for attorney's fees except when that immunity is waived by clear statutory language. *Camarena, supra.* Second, statutes must be interpreted so as to give effect to legislative intent. *Knight v. International Harvester*, 627 S.W.2d 382 (Tex.1982). Finally, a statute must be read as a whole and interpreted so as to give effect to every part. *Ex parte Pruitt*, 551 S.W.2d 706 (Tex.1977).

Applying these rules to the statutory provisions in question, it becomes plain that § 104.001, at least as amended in 1987, does not waive the State's immunity from liability for attorney's fees in cases such as

this, i.e., cases filed against the State or its employees in their official capacity. *Compare Texas State Emp. Union v. Tex. Dept. of Mental Health & Mental Retardation,* 746 S.W.2d 203 (Tex.1987) (interpreting § 104.001 *before* 1987 amendment). Rather, this provision merely requires the State to protect, through indemnification, its employees and officers from whatever personal liability they might have under preexisting law. *See Perry v. Texas A & I Univ.,* 737 S.W.2d 106 (Tex.App.1987, writ ref'd n.r.e.); *Camarena, supra.* We note that our interpretation of this statute is consistent with that of Professor Dorsaneo. *See* 13 Dorsaneo, *Texas Litigation Guide* § 293.02[10] (1988). More important, it is consistent with the legislative history of § 104.001. An analysis of the pertinent 1987 amendment to § 104.001, prepared by the staff of the House Committee on State Affairs shortly before the amendment was adopted, stated that the amendment "delete[d]" whatever liability the State had by virtue of the prior statutory language. House Comm. on State Affairs, Bill Analysis, Tex.S.B. 5, 70th Leg. (1987) (available for examination at the Legislative Reference Library, P.O. Box 12488, Capitol Station, Austin, Texas 78711). We conclude, therefore, that § 104.001 did not authorize the award of attorney's fees here. The Department's point of error is sustained.

That part of the trial court's judgment awarding attorney's fees against the Department is reversed, and judgment is hereby rendered that appellees take nothing in that regard.

REVERSED AND RENDERED.