MHMR v. Petty 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 




NO. 3-91-259-CV





TEXAS DEPARTMENT OF MENTAL HEALTH AND


MENTAL RETARDATION, ET AL., 



 APPELLANTS


vs.





OPAL PETTY, ET AL.,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 428,321, HONORABLE JOE DIBRELL, JUDGE PRESIDING



 




PER CURIAM


 This Court's prior opinion and judgment, dated July 1, 1992, are withdrawn and
the following opinion substituted therefor.

 Appellants, Texas Department of Mental Health and Mental Retardation and five
of its officials, appeal the judgment of the district court awarding appellees attorney's fees. 
Appellees Opal Petty and two of her family members, on Petty's behalf and for themselves, sued
the Department and officials in October 1987. The officials sued were Gary E. Miller, Jaylon
Fincannon, Frankie E. Williams, Allen Williams, and Harold K. Dudley; appellees sued all
individuals in their official capacities. Appellees' suit arose out of Petty's involuntary
confinement in mental health institutions operated by appellants. Among other things, appellees
sought declaratory and injunctive relief, alleging that appellants' involuntary commitment
procedures were illegal and unconstitutional. 

 After the trial court certified a class of mentally ill persons represented by Petty,
the legislature amended the Mental Health Code to require that persons involuntarily committed
before September 1, 1983, receive the same procedural safeguards as those committed after that
date. 1989 Tex. Gen. Laws, ch. 1139, § 7, at 4709 (amending former Tex. Rev. Civ. Stat. Ann.
art. 5547-100, since repealed). In November 1990, appellees moved for attorney's fees under the
Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (1986), and
Tex. Civ. Prac. & Rem. Code Ann. §§ 104.001-.002 (Supp. 1992). The district court rendered
a judgment ordering that appellees recover attorney's fees from the Department and its officials. 
The court stated in its findings of fact that the 1989 amendment to the Mental Health Code gave
appellees substantially all the relief they had requested in the suit.

 We note initially that the language of the notice of appeal is ambiguous as to
whether the officials have perfected an appeal. The notice of appeal initially recites that the
Department "and others" give notice of appeal. It then states that "defendant/appellant
TDMHMR" is not required to post a bond and that "defendant TDMHMR's" appeal is perfected
on filing the notice of appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 6.001 (1986 & Supp.
1992). The courts liberally construe the requirements for filing a notice of appeal. Allen v. Aetna
Casualty & Sur. Co., 567 S.W.2d 547 (Tex. Civ. App. 1978, writ ref'd n.r.e.); Warren v. Kyle,
565 S.W.2d 313 (Tex. Civ. App. 1978, no writ); e.g., Cross v. Hancock's Estate, 176 S.W.2d
586 (Tex. Civ. App. 1943, writ ref'd w.o.m.) (appeal bond, which clearly showed intent of all
plaintiffs to appeal, perfected appeal as to plaintiffs who did not sign bond as principals). 
Appellees sued the individual officials in their official capacities for actions they took as agents
of the Department. Because appellees' claims against the officials are essentially claims against
the Department, and because notices of appeal are liberally construed, we construe the notice of
appeal to include the five officials as appellants. El Paso Cent. Appraisal Dist. v. Montrose
Partners, 754 S.W.2d 797 (Tex. App. 1988, writ denied) (notice of appeal naming only chief
appraiser, who was not a party before trial court, perfected appeal as to appraisal district and
appraisal review board).

 Appellants contend in their first point of error that the district court's award of
attorney's fees against them violates the doctrine of governmental immunity. The Department of
Mental Health and Mental Retardation, as an agency of the state, is shielded by the same
governmental immunity from liability as the state. Lowe v. Texas Tech Univ., 540 S.W.2d 297
(Tex. 1976). The officials of the Department acting in their official capacities share the
governmental immunity of their agency. Bagg v. Univ. of Texas Medical Branch, 726 S.W.2d
582, 586 (Tex. App. 1987, writ ref'd n.r.e.). The state is immune from liability for attorney's
fees unless its immunity is waived by clear statutory language. Texas Dep't of Human Servs. v.
Methodist Retirement Servs., Inc., 763 S.W.2d 613 (Tex. App. 1989, no writ); Texas Employment
Comm'n v. Camarena, 710 S.W.2d 665 (Tex. App. 1986), rev'd on other grounds, 754 S.W.2d
149 (Tex. 1988). 

 More generally, attorney's fees are not recoverable unless provided by statute or
by contract between the parties. New Amsterdam Casualty Co. v. Texas Indus., Inc., 414 S.W.2d
914, 915 (Tex. 1967); Sadler v. Duval, 815 S.W.2d 285, 293 (Tex. App. 1991, writ denied);
Smith v. Matthews, 662 S.W.2d 150 (Tex. App. 1983, no writ). Because statutes providing for
attorney's fees are penal and in derogation of the common law, they are strictly construed: an
award cannot be implied but must be expressly provided by the terms of the statute. First City
Bank--Farmers Branch, Tex. v. Guex, 677 S.W.2d 25 (Tex. 1984); New Amsterdam Casualty Co.,
414 S.W.2d at 915.

 Section 37.009, Tex. Civ. Prac. & Rem. Code Ann. (1986), authorizes the court
to award attorney's fees in suits under the Uniform Declaratory Judgments Act. This Court has
previously held that § 37.009 does not waive the state's immunity from liability for attorney's
fees. Methodist Retirement Servs., Inc., 763 S.W.2d at 614; Camarena, 710 S.W.2d at 671. The
legislature has had the opportunity to overturn these cases by amending § 37.009, but has
declined. Other courts of appeals have concluded that § 37.009 does not authorize recovery of
attorney's fees against a governmental entity. See Rodeheaver v. Steigerwald, 807 S.W.2d 790
(Tex. App. 1991, writ denied) (against a county); City of Houston v. De Trapani, 771 S.W.2d
703, 708 (Tex. App. 1989, writ denied) (against a city exercising a governmental function); City
of Houston v. Lee, 762 S.W.2d 180, 188 (Tex. App. 1988), rev'd on other grounds, 807 S.W.2d
290 (Tex. 1991) (against a city exercising a governmental function). We reaffirm our holdings
in Camarena and Methodist Retirement Servs., Inc. that § 37.009 does not waive the state's
immunity from liability for attorney's fees.

 Sections 104.001 and 104.002, Tex. Civ. Prac. & Rem. Code Ann. (Supp. 1992),
provide that the state "shall indemnify" employees, officers of state agencies, and members of
governing boards for attorney's fees awarded against them in suits adjudging them to have acted
illegally or unconstitutionally. In 1987, the legislature amended § 104.001 to provide that the
state, instead of "being liable" for certain amounts, must "indemnify" the listed persons for them;
the legislature also amended § 104.002 to insert a reference to indemnification. 1987 Tex. Gen.
Laws, 1st C.S., ch. 2, §§ 3.08, .09, at 49. The 1987 amendment of the statute is the version that
applies to this case. See 1987 Tex. Gen. Laws, 1st C.S., ch 2, § 4.05, at 51. This Court has
held that § 104.001, as amended in 1987, does not waive the state's immunity from liability for
attorney's fees in cases filed against the state or its officials in their official capacity. Methodist
Retirement Servs., Inc., 763 S.W.2d at 614. Rather, this statute simply requires the state to
protect, through indemnification, its employees and officers from whatever personal liability they
might have under preexisting law. Our holding specifically applied the principle that absent a
clear statutory waiver, the state is immune from liability for attorney's fees. See also Perry v.
Texas A & I Univ., 737 S.W.2d 106 (Tex. App. 1987, writ ref'd n.r.e.) (purpose of § 104.001
before 1987 amendment was to indemnify state employees, not to waive the state's immunity from
suit); Camarena, 710 S.W.2d at 672 (§ 104.001 before 1987 amendment did not waive state's
immunity from attorney's fees). Again, we reaffirm our previous holding in Methodist Retirement
Servs., Inc. that sections 104.001 and 104.002 do not waive the state's immunity from liability
for attorney's fees in cases filed against the state or its employees in their official capacity. We
sustain appellants' first point of error; because of our disposition of this point, we do not reach
appellants' second and third points of error.

 We reverse the judgment of the district court awarding attorney's fees against
appellants, and we render judgment that appellees take nothing against the appellants in that
regard. 


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Reversed and Rendered

Filed: November 4, 1992

[Do Not Publish]