DHS v. Guthrie 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-335-CV





TEXAS DEPARTMENT OF HUMAN SERVICES AND BURTON F. RAIFORD,




 
 APPELLANTS


vs.





MARY GUTHRIE AND MARILYN JACKSON,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-5668, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 




 Mary Guthrie and Marilyn Jackson, appellees, sued the Texas Department of
Human Services and Burton F. Raiford in his official capacity as Department Commissioner
(collectively, "the Department"), appellants, challenging the constitutionality of two statutes
requiring their dismissal from employment in nursing-home facilities because of prior criminal
convictions. After a bench trial, the district court found the statutes facially unconstitutional for
failure to provide notice and hearing and enjoined their enforcement against the plaintiffs. The
Department, as well as appellees, complain of error by the trial court. We will overrule all claims
of error and affirm the trial court's judgment.

 Both appellees were temporarily employed as nurse aides in nursing-home facilities. 
Before permanent employment could be offered, appellees were required to undergo a criminal-conviction check as required by section 106 of the Texas Human Resources Code (1)
 and former
article 4442c, § 18 of the Texas Revised Civil Statutes. (2) The background checks revealed that
both women had prior criminal convictions (3) of a type requiring automatic dismissal. (4) As
statutorily required, their employers dismissed them. Before termination, neither Guthrie nor
Jackson received notice of the impending discharge or a hearing. 

 Appellees filed suit in Travis County district court contending the statutes violated
both the due-course-of-law and equal-protection provisions of the Texas Constitution. The trial
court found the statutes facially unconstitutional for violation of the due-course-of-law provision,
Tex. Const. art. I, § 19, because the statutes failed to provide notice and hearing. Having so
found, the court enjoined enforcement of the statutes against the two women and did not address
the equal-protection claim. On appeal, the Department challenges the trial court's decision in two
points of error.

 On appeal, the Department asserts first that the trial court erred in declaring the
statutes "facially" unconstitutional instead of unconstitutional "as applied." Our review of the
record reveals that this alleged error was not preserved for appeal. To preserve error, a complaint
must be presented to the trial court by motion, exception, or objection so the trial court knows the
nature of the error. See Tex. R. App. P. 52(a); PGP Gas Prods., Inc. v. Fariss, 620 S.W.2d
559, 560 (Tex. 1981). The Department never raised this issue before the trial court. Because the
Department failed to bring this issue to the attention of the trial court, it may not raise it for the
first time in this Court. See Tex. R. App. P. 52(a); Andrews v. ABJ Adjusters, Inc., 800 S.W.2d
567, 568-69 (Tex. App.--Houston [14th Dist.] 1990, writ denied). Point of error one is
overruled. (5)

 In its second point of error, the Department contends the district court erred by
issuing an injunction rather than ordering the necessary due process to be provided. However,
the Department conceded at oral argument that this point of error could not succeed if the first
point failed. Consequently, point of error two is also overruled.

 In two cross-points of error, appellees also challenge the district court's ruling. 
They contend first that the district court erred in failing to address their equal protection
argument. However, as the appellees admitted in oral argument, affirmance on the due-course-of-law challenge ends the inquiry. Having found for the plaintiffs on the due-course-of-law claim,
the trial court did not need to reach the equal-protection claim. Likewise, having affirmed the
trial court's due-course-of-law ruling, we need not reach this issue. Thus, we do not address
cross-point one.

 In their second and final cross-point, appellees assert error in the trial court's
failure to award them attorney's fees. Appellees ask this Court to reconsider and overrule our
holdings in Texas Employment Commission v. Camarena, 710 S.W.2d 665 (Tex. App.--Austin
1986), rev'd on other grounds, 754 S.W.2d 149 (Tex. 1988), and Texas Department of Human
Services v. Methodist Retirement Services, Inc., 763 S.W.2d 613 (Tex. App.--Austin 1989, no
writ), that sovereign immunity bars an award of attorney's fees against the State under the
Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1986 &
Supp. 1993). We decline this invitation and overrule cross-point of error two.

 We affirm the judgment of the trial court.




 

 J. Woodfin Jones, Justice 

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: March 17, 1993

[Do Not Publish]
1. Tex. Hum. Res. Code Ann. § 106.003(b) (West 1990 & Supp. 1993) requires the
Department of Public Safety to report to the Department of Human Services criminal
conviction records for:


 (1) a misdemeanor or felony classified as an offense against the
person or the family;


 (2) a misdemeanor or felony classified as public indecency;


 (3) a felony violation of a statute intended to control the
possession or distribution of a substance included in
Chapter 481, Health and Safety Code, or Section 485.033,
Health and Safety Code;


 (4) a felony violation of Section 31.03, Penal Code;


 (5) robbery or aggravated robbery, as described by Chapter 29,
Penal Code; or


 (6) burglary, as described by Section 30.02, Penal Code.

2. Act of June 11, 1985, 69th Leg., R.S., ch. 419, § 1, 1985 Tex. Gen. Laws 1522,
amended by Act of June 20, 1987, 70th Leg., R.S., ch. 1048, §  1, 1987 Tex. Gen. Laws
3515, repealed in part and codified by Health & Safety Code, 71st Leg., R.S., ch. 678, § 1,
1989 Tex. Gen. Laws 2230, 2479, repealed by Act of May 5, 1991, 72nd Leg., R.S., ch. 14,
§  94, 1991 Tex. Gen. Laws 94.
3. The Department of Public Safety erroneously reported to the Department of Human
Services that Mary Guthrie had a 1984 conviction. Guthrie was not convicted in 1984; she
received deferred adjudication. An adjudication of guilt was made in 1990. The report from
the Department of Human Services to the nursing home facility not only repeated this error,
but contained the additional error of characterizing the conviction as one for "aggravated" theft
when the conviction actually was for aggregated theft. It reported Marilyn Jackson as having
a 1976 conviction for "assault on a police officer" and a 1977 conviction for "simple assault." 
Jackson contests the accuracy of the Department of Public Safety records.
4. With limited exceptions, Tex. Hum. Res. Code Ann. § 106.008(a) (West 1990) requires
a facility to "immediately terminate" the employment of a person whose criminal conviction
check discloses a conviction for one of the offenses listed in § 106.003(b).
5. Because we decide this point on procedural grounds, we express no opinion as to the
constitutionality of the statutes in question.