Darlene DUNCAN, Petitioner,

v.

Joe POGUE, County Judge, et
al., Respondents.

No. C–7838.

Supreme Court of Texas.

Oct. 5, 1988.

Rehearing Denied Nov. 30, 1988.

W.T. Allison, II, Sulphur Springs, for
petitioner.

Allison & Associates, James P. Allison,
Austin, for respondents.

PER CURIAM.

Darlene Duncan, a court reporter, sued
the Hopkins County Commissioners Court
to compel it to fund a ten percent salary
increase ordered by the district judge pur-
suant to Tex.Gov't Code Ann. § 52.051
(Vernon 1988). The Commissioners Court
counter-claimed for relief under the Uni-
form Declaratory Judgments Act, Tex.Civ.
Prac. & Rem.Code Ann. § 37.009 (Vernon
1986). The trial court, with another judge
sitting by appointment, granted Duncan's
motion for summary judgment, ordered the
Commissioners Court to fund the salary
increase, and awarded Duncan attorney
fees. The court of appeals reversed that
judgment and remanded the cause for trial
on the merits. 753 S.W.2d 255 (Tex.App.—
Tyler 1988). Because the court of appeals'
decision conflicts with *Mays v. Fifth Court
of Appeals,* 755 S.W.2d 78 (Tex.1988) and is
contrary to the Uniform Declaratory Judg-
ments Act, we grant the application for
writ of error and, without hearing oral
argument, reverse the judgment of the
court of appeals and remand the cause to
that court for further consideration. *See*
Tex.R.App.P. 133(b).

In *Mays* we held that so long as a
district judge's order of a pay increase was
within the ten percent authorized by sec-
tion 52.051(d) it was presumptively valid.
Although it is undisputed in this case that
the pay increase was within the statutory
ten percent, the court of appeals did not
recognize any presumption of validity but
instead concluded that Duncan had the bur-
den of establishing that the pay increase
was reasonable. This decision conflicts
with our own opinion in *Mays.*

Furthermore, the trial judge acted
within his discretion in awarding attorney
fees to Duncan. The Uniform Declaratory
Judgments Act expressly provides that
"the court may award costs and reasonable
and necessary attorney's fees as are eq-
uitable and just." Tex.Civ.Prac. & Rem.

Code Ann. § 37.009 (Vernon 1986). The court of appeals' decision to strike the award of attorney fees is contrary to this statutory authorization.

A majority of the court reverses the judgment of the court of appeals and remands the cause to that court for it to consider the Commissioners Court's other points of error which were not previously addressed.