OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



April 3, 2001

The Honorable Jack Skeen, Jr.
Smith County Criminal District Attorney
Smith County Courthouse
100 North Broadway, 400
Tyler, Texas 75702

Opinion No. JC-0361

Re: Authority of the district judges of Smith County to amend the salaries of the county auditor's office, and related questions (RQ-0302-JC)

Dear Mr. Skeen:

You have asked this office a series of questions concerning the amendment of the salaries of the Smith County auditor's office by the district judges of Smith County. In accordance with prior opinions of this office, we conclude that, provided the appropriate public hearing is held, the necessary statutory procedures are followed, and the amendment "does not require county expenditures in excess of anticipated revenue" for the budget year, Tex. Att'y Gen. Op. No. JM-49 (1983) at 2, the district judges of Smith County may amend such salaries despite the fact that the county budget has been approved and filed, and the new budget year has begun. Such salary increases, of course, must be prospective so as not to run afoul of article III, section 53 of the Texas Constitution, and are therefore effective only upon the adoption by the commissioners court of the necessary budget amendments. *See* Tex. Att'y Gen. Op. No. JC-0147 (1999) at 3.

Pursuant to chapter 84 of the Local Government Code, "the district judges [having jurisdiction in a county]. . . appoint a county auditor." TEX. LOC. GOV'T CODE ANN. § 84.002 (Vernon 1999). The judges make that appointment "at a special meeting held for that purpose." *Id.* § 84.003(a). This having been done, the "clerk of the district court shall record the judges' action in the minutes of the court and certify it to the commissioners court. The commissioners court shall record in its minutes the judges' action and an order directing the payment of the auditor's salary." *Id.* § 84.003(b).

Similar provision is made by section 84.021 of the Local Government Code for the appointment of assistant county auditors:

> From time to time the county auditor may certify to the district judges a list stating the number of assistants to be appointed, the name, duties, qualifications, and experience of each appointee, and the salary to be paid each appointee. The district judges, after careful consideration of the application for the appointment of the

> assistants and after inquiry concerning the appointees' qualifications, the positions sought to be filled, and the reasonableness of the requested salaries, shall prepare a list of the appointees that the judges approve and the salary to be paid each. The judges shall certify this list to the commissioners court, which shall order the salaries to be paid on the performance of services and shall appropriate an adequate amount of money for this purpose.

*Id.* § 84.021(a).

Procedures for setting the compensation of the auditor and assistant auditors are set forth in chapter 152 of the Local Government Code. Before setting such compensation, the judges must hold "a public hearing on the matter at which parties in interest and citizens have an opportunity to be heard." *Id.* § 152.905(b). Notice of the time, place, and subject of this hearing "must be published in a newspaper of general circulation in the county" at least fifteen days beforehand. *Id.* § 152.905(c). The amount of compensation to be paid must be voted on by the judges at this meeting, and the vote "must be recorded, transcribed, and maintained as a public record." *Id.* § 152.905(d). With respect to the salary and expenses of the auditor, "[t]he action of the district judges must be taken by order and must be recorded. . . in the minutes of the district court." *Id.* § 152.031(a). The district clerk thereupon certifies the order to the commissioners court, which "shall cause the order to be recorded in its minutes." *Id.* § 152.031(b).

You have inquired as to whether the district judges may amend the salaries of the auditor and the assistant auditors after the county budget has been approved, and the new budget year has begun. Prior opinions of this office answer your question in the affirmative. Attorney General Opinion H-1266 (1978) provided that "the salary of the county auditor of Henderson County may be increased prior to the beginning of the next fiscal year" so long as the increased salary did not exceed that of the county tax assessor-collector. Tex. Att'y Gen. Op. No. H-1266 (1978) at 2. Similarly, in Attorney General Opinion JM-49 (1983), this office concluded that "the district judge[s] may, during the course of the budget year, direct a change in the county budget which increases the salaries of the assistants in the county auditor's office." Tex. Att'y Gen. Op. No. JM-49 (1983) at 2.

Attorney General Opinion JM-49 further sets three conditions on the proposed change: that it be made "(1) upon a proper application made by the auditor to the district court; (2) only if such action does not require county expenditures in excess of anticipated revenue of the county for that year; and (3) only if amendment of the county budget is made in compliance with law." *Id.* Provided that these conditions are met, we believe that the district judges may increase the salaries of the auditor and the assistant auditors during the course of the county's budget year.

You further ask whether the auditor is required to certify such amended salaries and make application to the judges before such salary increases may be made. We agree with you that, pursuant to the plain language of section 84.021 which we have cited above, these conditions must

be met. We further agree that the judges not only may, but must, post notice of and hold a public hearing pursuant to section 152.905 of the Local Government Code before increasing such salaries. Indeed, this office so construed section 152.905 in Attorney General Letter Opinion 98-031. That opinion concludes that while a public hearing is not required for the appointment of a particular individual as an assistant county auditor, "the district judges must . . . hold and make any changes to the annual salary at a public hearing." Tex. Att'y Gen. LO-98-031, at 3.

Finally you ask whether the commissioners court may amend the county budget so as to pay these salary increases. We conclude not only that the commissioners court may do so, but that pursuant to sections 84.021 and 152.031 of the Local Government Code, the commissioners court is under a ministerial duty to do so.

While the salaries of elected county officials may be set only in the regular annual budget hearing, those "of employees and non-elected county officers" such as the auditor and assistant auditors "may be changed by a budget amendment at any time." Tex. Att'y Gen. Op. No. JC-0147 (1999) at 1. In this instance, provided that the auditor has properly applied to the district judges and the district judges have held the appropriate hearing and otherwise followed the procedures in chapter 152, the commissioners court cannot refuse to pay the salary increase. *See Duncan v. Pogue*, 759 S.W.2d 435 (Tex. 1988); *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78 (Tex. 1988).

In both *Mays* and *Duncan*, commissioners courts refused to pay salaries set by the district courts for court reporters pursuant to section 52.051 of the Government Code. The Texas Supreme Court held that the commissioners court had no discretion to make such a refusal. "[T]he pay increase. . . was a ministerial act to be performed by the Commissioners Court and an act in which the Legislature left no discretion." *Mays*, 755 S.W.2d at 79. In *Duncan*, the court wrote that an order of such a pay increase, so long as it was within the statutory limits, "was presumptively valid." *Duncan*, 759 S.W.2d at 435; *see also* Tex. Att'y Gen. Op. No. DM-74 (1992) (following *Duncan* and *Mays*). The statutory scheme at issue here, as set out *in extenso* above, parallels that in *Mays* and *Duncan*. The power to make the appointments and set the salaries here, as in those cases, is given solely to the district judges. Accordingly, following the rationale of those cases, we conclude that the commissioners court is under a ministerial duty to pay such salary increases.

We note that, under article III, section 53 of the Texas Constitution, a county may not grant "any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered." TEX. CONST. art. III, § 53. Accordingly, any salary increases must be prospective, and are not effective until the commissioners approve the necessary budget amendments. *See* Tex. Att'y Gen. Op. No. JC-0147 (1999) at 3 ("The effect of this provision is that a salary increase authorized by a commissioners court must operate prospectively from the time of the authorization.").

## S U M M A R Y

Provided the appropriate public hearing is held, the necessary statutory procedures are followed, and the salary amendments at issue do not "require county expenditures in excess of anticipated revenue" for the budget year, Tex. Att'y Gen. Op. No. JM-49 (1983) at 2, the district judges of Smith County may amend the salaries of the auditor and assistant auditors of the county despite the fact that the new budget year has begun. Any salary increases must be prospective, and are effective only upon the adoption by the commissioners court of the necessary budget amendments.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee