TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00605-CV







TML Intergovernmental Employee Benefits Pool, Appellant


v.


Prudential Insurance Company of America, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN100134, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING




O P I N I O N



 In this case we must decide whether, when a governmental entity brings suit for
declaratory relief, the defendant as the prevailing party may recover attorney's fees from the
governmental entity. Appellant TML Intergovernmental Employee Benefits Pool ("the Pool")
contends in one issue that governmental immunity bars the award of attorney's fees to appellee
Prudential Insurance Company of America. Because we hold that the Pool's initiation of suit waived
immunity from suit and that its request for declaratory relief under the Uniform Declaratory
Judgments Act ("UDJA") waived immunity from liability for attorney's fees, we affirm the order
of the district court.



BACKGROUND

 The pertinent facts of this case are not in dispute. The Pool was created to provide
health benefits coverage to employees of political subdivisions. See Tex. Gov't Code Ann. ch. 791
(West 1994 & Supp. 2004); Tex. Loc. Gov't Code Ann. ch. 172 (West 1999 & Supp. 2004). On
September 29, 1998, the City of Denison changed its health benefits coverage for its employees from
Prudential to the Pool. Prudential's contract with the City provided for an extension of health care
benefits beyond the termination of the contract, for a maximum of three months, to a person who is
totally disabled and under a doctor's care.

 At the time of this transition in coverage, an employee of the City of Denison was
hospitalized and in need of a heart transplant. She remained hospitalized for several months and
received the transplant in April 1999. Both Prudential and the Pool paid the employee's medical
expenses for the last three months of 1998. The Pool filed a claim for its payments with its excess
loss insurance coverage carrier, Life Insurance Company of North America ("LINA"). See Tex. Loc.
Gov't Code Ann. § 172.008(a) (West 1999) ("A risk pool may purchase excess loss coverage or
reinsurance to insure a pool against financial losses that the pool determines might place the
solvency of the pool in financial jeopardy."). LINA denied the claim.

 In January 2001, the Pool filed suit against LINA and Prudential, asserting that LINA
had breached its contract and requesting a declaration that the extension of benefits clause in
Prudential's policy with the City "does not provide insurance coverage for [the employee's] claim." 
The Pool also sought attorney's fees pursuant to its request for declaratory relief. At the time it filed
suit, the Pool deposited into the registry of the court approximately $348,000 that the hospital
returned as an overpayment. In June and August 2001, the parties agreed to distribute $220,000 to
the hospital and the remaining $128,000 to Prudential, which represented the amount that Prudential
paid toward the employee's medical expenses for the last three months of 1998.

 In February 2002, the Pool filed an amended petition, requesting a declaration of
whether Prudential's policy "does or does not provide insurance coverage for [the employee's]
claim." Prudential then filed a motion for summary judgment, seeking a declaration that its policy
does not provide coverage. The Pool and LINA filed motions for partial summary judgment seeking
a declaration that Prudential's policy does provide coverage. In June 2002, Prudential filed an
amended answer in which it asserted a claim for attorney's fees pursuant to the UDJA.  Tex. Civ.
Prac. & Rem. Code Ann. § 37.009 (West 1997).

 The district court granted Prudential's motion for summary judgment and denied the
Pool's and LINA's motions. Soon afterward, Prudential filed a motion to recover attorney's fees
from the Pool on the ground that it was the prevailing party in the declaratory judgment action. The
Pool responded that as a political subdivision of the State, it is immune from liability. The Pool also
asserted that because it had acted in good faith, the district court should exercise its discretion and
not award attorney's fees. Prudential responded that the Pool waived immunity from liability by
seeking a declaration of its rights under the UDJA, initiating suit against Prudential, and failing to
plead the affirmative defense of immunity from liability. After a hearing on the motion and
response, the district court granted Prudential's motion and ordered that the Pool pay Prudential's
attorney's fees in part. It is from this order that the Pool appeals. (1)

ANALYSIS

 In one issue, the Pool contends that the district court erred in awarding attorney's fees
to Prudential under the UDJA because the Pool, as a political subdivision, is immune from paying
a money judgment. Whether the Pool is entitled to immunity is a question of law. Harris County
v. Louvier, 956 S.W.2d 106, 107 (Tex. App.--Houston [14th Dist.] 1997, no pet.). We review
questions of law de novo. Texas Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). 
In our analysis of this issue, we are mindful of two matters that are not in dispute. First, the parties
agree the Pool's UDJA action was within the district court's subject matter jurisdiction. Second, the
parties agree that Prudential prevailed on the merits of the Pool's action for declaratory relief.

 Governmental immunity encompasses two principles: immunity from suit and
immunity from liability. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853
(Tex. 2002). The Pool asserts immunity on both grounds, and we will address them individually. 
Immunity from suit bars a suit against the State unless the legislature expressly consents to the suit. 
Id. An exception to this rule is when the State initiates suit. Id. at 861 (Hecht, J., concurring) ("[I]t
has long been held that the State can waive immunity by filing suit."); State v. Fidelity & Deposit
Co. of Md., 127 S.W.3d 339, 344 (Tex. App.--Austin 2004, pet. filed) ("It is well established that
the State's initiation of suit is an exception to sovereign immunity from suit clearly recognized by
Texas courts."). When a governmental entity brings suit, it "waives immunity from suit for any
claim that is 'incident to, connected with, arises out of, or is germane to the suit or controversy
brought by the State.'" Reata Constr. Corp. v. City of Dallas, 47 Tex. Sup. Ct. J. 408, 2004 Tex.
LEXIS 303, at *7 (Apr. 2, 2004) (quoting State v. Martin, 347 S.W.2d 809, 814 (Tex. Civ.
App.--Austin 1961, writ ref'd n.r.e.)). Here, the Pool asserted, among its causes of action, a request
for declaratory relief. In response, Prudential requested attorney's fees under the UDJA. This
request is directly germane to the controversy brought by the Pool. Accordingly, when the Pool
brought a declaratory-judgment action against Prudential, it waived immunity from suit as to
Prudential's request for attorney's fees under the same statute. See Kinnear v. Texas Comm'n on
Human Rights, 14 S.W.3d 299, 300 (Tex. 2000) (no immunity from suit when defendant sought
attorney's fees as consequence of suit by the State). We now turn to the question of immunity from
liability for attorney's fees available under the UDJA.

 Immunity from liability protects a governmental entity from judgment even if the
legislature has expressly consented to the suit. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). "[T]he question remains whether the claim is one for which the State acknowledges
liability." Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997) (citing State v. Isbell,
94 S.W.2d 423, 425 (Tex. 1936)). Immunity from liability, as with other affirmative defenses to
liability, must be pled or is waived. Jones, 8 S.W.3d at 638. Prudential asserts on two grounds that
the Pool has waived immunity from liability. First, Prudential argues, the Pool waived immunity
from liability by seeking construction of (i) a provision in Prudential's insurance contract with the
City of Denison and (ii) certain statutory provisions. It is true that when the State contracts with a
private party, it waives immunity from liability. IT-Davy, 74 S.W.3d at 854. This principle is
inapplicable here because the suit does not concern any contract between the Pool and Prudential. 
Furthermore, although the Pool cited statutory provisions in some of its pleadings, at no point did
the Pool seek a declaration of its rights under those statutes. Its declaratory judgment action was
limited to interpretation of a provision in Prudential's insurance contract with the City of Denison.

 Second, Prudential contends that the Pool waived immunity from liability by failing
to raise its affirmative defense in a pleading. Citing Davis v. City of San Antonio, Prudential argues
specifically that the Pool's assertion of the affirmative defense in its response to Prudential's motion
for attorney's fees was insufficient. 752 S.W.2d 518 (Tex. 1988). In Davis, the governmental entity
failed to raise the affirmative defense until after the case was tried to a verdict. Id. at 519. The court
held that raising the defense in a motion for judgment notwithstanding the verdict did not comply
with the requirement that an affirmative defense be raised "in a pleading to a preceding pleading." 
Id. (citing Tex. R. Civ. P. 94). Here, Prudential first requested attorney's fees in an amended answer. 
Thus, it argues, the Pool's assertion of its affirmative defense in response to its later motion for
attorney's fees was too late. We disagree. Prudential asks us to interpret "in a pleading to a
preceding pleading" to mean "in a pleading immediately responsive to a preceding pleading." The
Pool's assertion of the defense in response to Prudential's motion was sufficient to satisfy the
requirement of raising the defense "in a pleading to a preceding pleading" and put Prudential and the
court on notice of the defense before the hearing on Prudential's motion for attorney's fees. 
Accordingly, we find no waiver on these grounds. We now turn to an examination of whether the
Pool's request for declaratory relief waived its immunity from liability for attorney's fees under the
UDJA. This requires us to apply principles of statutory construction.

 When construing a statute, we must ascertain and give effect to the legislature's
intent. See Fleming Foods v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999); Union Bankers Ins. Co. v.
Shelton, 889 S.W.2d 278, 280 (Tex. 1994); Calvert v. Texas Pipe Line Co., 517 S.W.2d 777, 780
(Tex. 1974). The legislature's intent should be determined by reading the language used in the
particular statute and construing the statute in its entirety. See In re Bay Area Citizens Against
Lawsuit Abuse, 982 S.W.2d 371, 380 (Tex. 1998); Taylor v. Firemen's & Policemen's Civil Serv.
Comm'n, 616 S.W.2d 187, 190 (Tex. 1981). Further, we should read every word, phrase, and
expression in a statute as if it were deliberately chosen, and presume the words excluded from the
statute are done so purposefully. See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist., 81
S.W.3d 869, 873 (Tex. App.--Austin 2002, pet. denied); City of Austin v. Quick, 930 S.W.2d 678,
687 (Tex. App.--Austin 1996) (citing Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540
(Tex. 1981)), aff'd, 7 S.W.3d 109 (Tex. 1999).

 The Pool asserts that immunity from liability is waived only when a UDJA action
concerns construction of a legislative enactment. See City of La Porte v. Barfield, 898 S.W.2d 288,
297 (Tex. 1995) (because UDJA "expressly authorizes suits to challenge ordinances and statutes,
requires that the responsible government entities be joined as parties, and provides for awards of
attorney fees, the Act necessarily waives immunity from liability for such awards") (construing Texas
Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994)); see also Beacon Nat'l Ins. Co. v.
Montemayor, 86 S.W.3d 260, 266 (Tex. App.--Austin 2002, no pet.) ("The UDJA waives
[sovereign] immunity when a party seeks a court's construction of a statute or rule."); Star Houston,
Inc. v. Texas Dep't of Transp., 957 S.W.2d 102, 111 (Tex. App.--Austin 1997, pet. denied) (holding
that sovereign immunity did not bar declaratory-judgment action determining whether agency has
wrongfully construed a statute). But none of these cases expressly restrict the waiver to actions
seeking construction of legislative enactments. Further, all of these cases involved actions by private
parties against a governmental entity.

 Here, the governmental entity asserted the action. The supreme court has allowed an
award of attorney's fees to a defendant in a UDJA action brought by a governmental entity, although
the issue of immunity from liability was not before the court. Duncan v. Pogue, 759 S.W.2d 435,
435 (Tex. 1988). In Duncan, a court reporter sued a county to compel a salary increase; the county
filed a counterclaim under the UDJA. Id. The court upheld the award of attorney's fees to the court
reporter, explaining, "[T]he trial judge acted within his discretion in awarding attorney fees to
Duncan. The [UDJA] expressly provides that 'the court may award costs and reasonable and
necessary attorney's fees as are equitable and just.'" Id. at 435-36 (citing Tex. Civ. Prac. & Rem.
Code Ann. § 37.009). Our question then is whether, when the issue of immunity from liability is
expressly raised before the court, the governmental entity is protected from paying a judgment for
attorney's fees awarded under the UDJA.

 Embedded in the sovereign immunity doctrine is the protection of raids on the public
treasury. Texas Mun. Power Agency v. Public Util. Comm'n, 100 S.W.3d 510, 516 (Tex.
App.--Austin 2003, pet. denied). We must determine whether allowing an award of attorney's fees
to a defendant in a UDJA action brought by a governmental entity would thwart that purpose. The
supreme court recently stated in the context of waiver of immunity from liability: "Our decisions
recognizing a waiver of immunity have generally left undisturbed the Legislature's interest in
protecting the State's financial resources." Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 
701 (Tex. 2003).


 The purpose of the UDJA is "to settle and to afford relief from uncertainty and
insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code
Ann. § 37.002(b) (West 1997). The UDJA is to be "liberally construed and administered." Id. The
Pool, as a party whose rights were affected by the contract, asserted a UDJA action to determine
whether a provision in Prudential's insurance contract with the City of Denison provided extended
benefits coverage for the employee's claim. Id. § 37.004(a) (West 1997). The Pool had an interest
in this determination because it succeeded Prudential as the provider of health benefits coverage. 
"When declaratory relief is sought, all persons who have or claim any interest that would be affected
by the declaration must be made parties." Id. § 37.006(a) (West 1997). Thus, even though the
Pool's actions for damages were against its excess loss insurance carrier, the Pool was required to
include Prudential as a party affected by the declaration.

 In "any proceeding" under the UDJA, "the court may award costs and reasonable and
necessary attorney's fees as are equitable and just." Id. § 37.009 (emphasis added). The UDJA
"entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that
any fees awarded be reasonable and necessary, which are matters of fact, and to the additional
requirements that fees be equitable and just, which are matters of law." Bocquet v. Herring, 972
S.W.2d 19, 21 (Tex. 1998). "Unreasonable fees cannot be awarded, even if the court believed them
just, but the court may conclude that it is not equitable or just to award even reasonable and
necessary fees." Id. Further, the award of attorney's fees is not dependent on a finding that the party
"substantially prevailed." Barshop v. Medina County Underground Water Conservation Dist., 925
S.W.2d 618, 637 (Tex. 1996). Instead, a trial court may award attorney's fees to a non-prevailing
party as are equitable and just. State Farm Lloyds v. Borum, 53 S.W.3d 877, 894 (Tex.
App.--Dallas 2001, pet. denied). Thus, the attorney's fees provision grants the trial court broad
discretion to (i) afford all parties the opportunity to request fees; (ii) decline to award fees; and (iii)
allow an award only when reasonable, necessary, equitable, and just. In granting the trial court broad
discretion, the UDJA also allows the court to take into consideration the protection of state
resources.

 To hold that a governmental entity, as plaintiff in a UDJA action, is immune from
liability as to a prevailing defendant's attorney's fees would give governmental entities license to
pursue UDJA actions with impunity and disregard the statutory authorization for attorney's fees in
"any proceeding" under the UDJA. Tex. Civ. Prac. & Rem. Code Ann. § 37.009. Here, the parties
agree that the district court has subject matter jurisdiction. In light of the policies of and protections
embodied in the UDJA, we hold that when a governmental entity brings suit for declaratory relief,
the UDJA waives immunity from liability as to the defendant's reasonable, necessary, equitable, and
just attorney's fees. Accordingly, we overrule the Pool's issue and affirm the order of the district
court.

CONCLUSION

 When the Pool brought an action for declaratory relief against Prudential, it waived
immunity from suit as to Prudential's request for attorney's fees under the same statute. See
Kinnear, 14 S.W.3d at 300 (no immunity from suit when private party sought attorney's fees as
consequence of suit by the State). The attorney's fees provision in the UDJA waives immunity from
liability by allowing awards of attorney's fees in "any proceeding" and ensuring that a court may
award fees only when reasonable, necessary, equitable, and just. Accordingly, we overrule the
Pool's assertion of governmental immunity and affirm the order of the district court.



 

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 13, 2004

1. LINA is no longer a party because it settled with the Pool in the proceedings below.