# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 27, 2014

The Honorable Richard N. Countiss
San Jacinto County District Attorney
1 State Highway 150, Room #21
Coldspring, Texas 77331-0403

Opinion No. GA-1062

Re:  Salary increases for assistant auditors and administrative assistants after passage of the county budget  (RQ-1170-GA)

Dear Mr. Countiss:

You ask two questions concerning assistant county auditor salaries and amendments to the county budget to increase those salaries.[1]  You explain a situation where the county auditor's proposed annual budget designated an administrative assistant as an assistant auditor and increased the salary of that position by $1,664.00.  Request Letter at 2.  Before passing the annual county budget, the commissioners court "changed the title of the position back to 'Administrative Assistant' and reduced the salary to the original amount."  *Id.*  The district judges in the county then "signed an order approving the Auditor's [proposed] budget" with the redesignation and increased salary.  *Id.*  In your first question you ask:

> Is the commissioners court under a duty to adopt a budget amendment to reflect an increase in the salary of an Assistant Auditor granted by the District Court Judges after the county's budget has been adopted and where the adopted budget designated the employee as an "Administrative Assistant" rather than an "Assistant Auditor"?

*Id.* at 1.

Chapter 84 of the Local Government Code governs the appointment and compensation of county auditors and assistant auditors.  *See* TEX. LOC. GOV'T CODE ANN. §§ 84.001–.902 (West 2008 & Supp. 2013).  Although a commissioners court generally manages the business of the county, the county auditor is "an independent officer appointed and removed by the district

---

[1]*See* Letter from Honorable Richard N. Countiss, San Jacinto Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 19, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

judges" as "part of the 'delicate system of checks and balances' designed to protect county funds." Tex. Att'y Gen. Op. No. GA-0618 (2008) at 2 (quoting *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.—Dallas 1976, writ dism'd)); *see* TEX. LOC. GOV'T CODE ANN. § 84.003 (West 2008) (providing for appointment of county auditor by district judges). Section 84.021 authorizes the county auditor to request assistant auditors and establishes a procedure for the district judges to appoint them. TEX. LOC. GOV'T CODE ANN. § 84.021(a) (West 2008). Upon consideration of the application for appointment of assistants and inquiry into the information included therein, the district judges "shall prepare a list of the appointees . . . and the salary to be paid each." *Id.* "The judges shall certify this list to the commissioners court, which *shall* order the salaries to be paid on the performance of services." *Id.* (emphasis added).

"The power to make the appointments [of assistant auditors] and set the salaries . . . is given solely to the district judges." Tex. Att'y Gen. Op. No. JC-0361 (2001) at 3 (citing *Duncan v. Pogue*, 759 S.W.2d 435 (Tex. 1988)). The fact that the increase in the salary of the assistant auditor has occurred after the county's budget adoption does not change the analysis. "[T]he district judge may, during the course of the budget year, direct a change in the county budget [to increase] the salaries of the assistants in the county auditor's office." Tex. Att'y Gen. Op. No. JM-49 (1983) at 2 (citing article 1650 of the Revised Civil Statutes, the predecessor statute to section 84.021). "Such change may be made: (1) upon a proper application made by the auditor to the district court; (2) only if such action does not require county expenditures in excess of anticipated revenue of the county for that year; and (3) only if amendment of the county budget is made in compliance with the law." *Id.* Accordingly, provided that the auditor and district judges have followed the appropriate statutory procedures, "the commissioners court is under a ministerial duty" to pay the assistant auditor salaries designated by the district judges. Tex. Att'y Gen. Op. No. JC-0361 at 3 (citing *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78, 79 (Tex. 1988)).

In your second question, you ask:

> Whether the Order signed by the District Court Judges that changed the employee's designation to "Assistant Auditor" and increased the salary for that position complied with section 84.021 of the Texas Local Government Code, and if said Order did not comply with section 84.021, is the Order invalidated such that the commissioners court does not have to pay the salary increase?

Request Letter at 1. You explain that the commissioners court believes that the district judges did not comply with the requirements of section 84.021 because they "did not list the names of 'the appointees', but rather just their titles." *Id.* at 2. While the county auditor must include "the name" of an assistant auditor in its proposed list of appointees to the district judges, the express language of section 84.021 does not similarly require the district judges to include the names of appointees in the list they certify to the commissioners court. TEX. LOC. GOV'T CODE ANN. § 84.021(a) (West 2008). Thus, an order from the district judges to the county commissioners certifying the appointment of assistant auditors is not invalid merely because it does not include the specific names of appointees.

## S U M M A R Y

Section 84.021 of the Local Government Code requires a commissioners court to order the salaries of assistant county auditors, as properly certified by the district judges of the county, to be paid on the performance of services.

Section 84.021 does not require district judges to include the names of assistant auditors in the list of appointees they certify to the county commissioners court under that provision.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee