NO. 07-02-0481-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 18, 2004
_____

JANIE R. FARNSWORTH and JOHNNY FARNSWORTH,

Appellants

v.

JOHN M. DEAVER, II and CAROL J. DEAVER,

Appellees
_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 6,897; HON. LESLIE THOMAS, PRESIDING
_____

***Opinion***
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Johnny and Janie R. Farnsworth (the Farnsworths) appeal from a final judgment entered in favor of John M. and Carol J. Deaver (the Deavers). Through the judgment, the trial court denied recovery by the Farnsworths against the Deavers but awarded the latter monetary relief and attorney's fees against the former. Furthermore, the dispute between the parties involved a partnership they had entered into, which partnership eventually fell upon hard times and had to be dissolved. The four issues before us concern the repayment of capital accounts, the removal of partnership property which the Deavers

considered to be theft, the breach of fiduciary duties, and the award of attorney's fees. The judgment is modified and affirmed as modified.

### Issue One - Repayment of Capital Account Imbalance

In their first issue, the Farnsworths contend the trial court erred when it ordered them to pay the Deavers $6,134.37. The latter purportedly represented one-half of the difference between the capital accounts of the Farnsworths and Deavers.[1] According to the Farnsworths, "one partner does not have the right to recover the difference between positive partnership capital accounts from another partner." This is purportedly so because the Texas Revised Partnership Act simply obligates those partners with negative capital accounts to repay the negative balance and return the account to zero, and the Farnsworths had a positive balance in their account. We overrule the issue.

In arriving at our decision we must say that the reasoning of the Farnsworths is accurate in certain respects. When settling accounts between the partners, statute does prescribe that generally, a partner "shall contribute to the partnership an amount equal to that partner's negative balance in the partner's capital account." TEX. REV. CIV. STAT. ANN. art. 6132b-8.06(b) (Vernon Supp. 2004-2005). So, as suggested by the Farnsworths, a partner is required only to reimburse the partnership an amount equal to the negative balance. Yet, we disagree with the manner in which they determined whether they had a negative capital account.

In winding up the affairs of a partnership, creditors of the entity are not the only ones entitled to payment. So too "shall [the partnership] make a distribution to a partner in an

---

[1]According to the jury, the Farnsworths had a capital account of $22,080.68 while the Deavers had one of $34,349.41. The difference between the two sums equaled $12,268.73. Half of that sum approximated $6,134.37.

2

amount equal to the partner's positive balance in the partner's capital account." *Id*. Given this, capital accounts having a positive balance are debts of the partnership.[2] *See* Vol II, A. Bromberg & L. Ribstein*, Partnership*, §7.10(b), p. 7:145-46 (2004) (categorizing a partner's capital account as a debt of the partnership under the Uniform Partnership Act). Being debts, they must be included within the liabilities for which the partners are ultimately responsible. *Id.*

Next, if the debts of the partnership exceed its assets (which also include the value assigned to each capital account) it can be said that the partners have suffered a capital loss. And, these losses, like all other debts, must be satisfied by the partners in direct proportion to their share of the profits. *Id.*; *see* TEX. REV. CIV. STAT. ANN. art. 6132b-4.01(b) (stating that each partner is "chargeable with a share of the partnership's losses, whether capital or operating, in proportion to the partner's share of the profits"). For example, let us assume that three partners contributed $10,000, $5000, and $2000, respectively, to capitalize Partnership X and agreed to share profits equally. Let us also assume that upon dissolution of the partnership only $5000 remained after paying all creditors other than partners who are creditors in their capacity as partners. *See id.* at art. 6132b-8.06(a) (requiring the payment of all partnership obligations including those owed to partners in their capacity other than as a partner). Since each partner is entitled to repayment of his capital, Partnership X has a loss of $12,000, *i.e.* the $17,000 representing the sum of the capital due each partner less the $5000 remaining after payment of all obligations other

---

[2]Of course, partners can affect the manner in which the partnership treats capital accounts by executing a partnership agreement touching upon the subject. However, no such agreement was executed at bar. Thus, the Texas Revised Partnership Act controls the treatment of those accounts here. *Long v. Lopez,* 115 S.W.3d 221, 225 (Tex. App.—Fort Worth 2003, no pet.).

than those owed the partners as partners. Dividing the $12,000 loss between the partners in proportion to their share of the profits, *i.e.* one-third each, would result in each partner owing $4000 to the partnership. And, once this $4000 is offset against the sums due from the partners as reflected by their respective capital accounts, the partner who initially paid $10,000 in capital would have a positive balance of $6000 in his capital account. The one who paid $5000 would have a positive balance of $1000, while the one who paid $2000 would have a negative balance of $2000. Thus, the partner with the negative balance would be obligated to pay $2000 to the partnership to remove his capital account from its negative position. Vol II, A. Bromberg & L. Ribstein*, Partnership*, §6.02(c)(2); *see* TEX. REV. CIV. STAT. ANN. art. 6132b-8.06(b) (requiring payment of any negative balance in the capital account); *Walker v. Walker*, 854 F. Supp. 1443, 1456 (D. Neb. 1994) (rejecting the argument that one partner is not required to reimburse another for excess contributions).

Here, the jury found that the Deavers had a capital account of $34,349.73, while the Farnsworths had one of $22,080.68.[3] Thus, the partnership owed a debt of $56,430.09, representing the total capital it was obligated to repay. Assuming that it had no assets left after satisfying all non-partner debt and because the partners agreed to split profits 50/50, the Farnsworths and Deavers would each owe $28,215.04 to cover the loss.[4] And, when that sum is offset against the capital due each partner, the Deavers would have a positive capital balance of $6134.37 (*i.e.* $34,349.41 minus $28,215.04) while the Farnsworths

---

[3]We note that the Farnsworths also contend that "no evidence" exists to support the jury finding *viz* their respective capital account balances. Our perusal of the record, however, discloses more than a scintilla of evidence supporting the determination. Indeed, the balance sheet created by the partnership's own accountant and entered into evidence reflects capital balances identical to those found by the jury. So, we reject the contention.

[4]We assume for purposes of our calculation that the partnership had no cash remaining after liquidating its assets.

would have a negative balance of $6134.36 (*i.e.* $22,080.68 minus $28,215.04). So, the latter would owe the partnership an additional $6134.36 to satisfy that negative balance, and that happens to be the approximate sum the trial court ordered them to pay the Deavers (*i.e.* $6134.37).[5]

Nevertheless, the uncontroverted testimony of Carol Deaver revealed that upon the liquidation of the partnership's assets and payment of all debt (other than that related to capital accounts) there remained $880 in cash. This sum was not taken into calculation by the trial court when computing the capital loss for which each partner was responsible. In other words, there was an additional $880 available to pay the capital accounts. Accordingly, the capital loss attributable to each partner is wrong. When the $880 is considered, the Farnsworths' negative capital balance is not $6134.36 but $5694.36.

Next, the Farnsworths also argued that if they owed the Deavers payment for their capital account, then the trial court erred in allowing prejudgment interest to accrue on that sum at 10% per annum "[b]ecause no prejudgment interest statute applies to this case." Assuming *arguendo* that their argument was true, then the answer to the problem is found in their own brief. They acknowledge that the prejudgment interest scheme established under §304.101 *et seq.* of the Texas Finance Code applied if no other statute did. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530-31 (Tex. 1998) (dealing with Texas Revised Civil Statute art. 5069-1.05, §6(a), the predecessor to §304.101 *et seq.* of the Texas Finance Code). And, at the time of judgment, *see Natural Gas Clearinghouse v. Midgard Energy, Inc.*, 113 S.W.3d 400, 414 (Tex. App.–Amarillo

---

[5]The Farnsworths do not complain of that aspect of the judgment ordering them to pay the $6134.37 amount directly to the Deavers as opposed to the partnership for ultimate distribution to the Deavers. So, we do not address whether the trial court erred in so ordering.

2003, pet. denied) (holding that the applicable rate is that in existence at the time of judgment), prejudgment interest accrued at the rate of 10% per annum.[6] So, if no statute applied, as argued by the Farnsworths, then the trial court was entitled to adopt a rate of 10%, and, again, that happens to be the rate ordered in the judgment.

### *Issue Two - Evidence of Civil Theft*

In their second issue, the Farnsworths contend that there is no evidence or insufficient evidence to support the finding of civil theft because there is neither evidence of their intent to contribute their personal items to The Ivy Cottage nor evidence of any intent to deprive the partnership. We overrule the issue.

Specifically, the trial court asked the jury to determine whether "any of the items of property removed from the Ivy Cottage premises by the Farnsworths on August 6, 2000 were partnership property" and, if so, whether the "Farnsworths commit[ted] theft in removing the property . . . ." To each question, the jury answered yes. Whether these answers are legally and factually supportable depends upon the application of pertinent standards of review. The standards are well-settled and need not be reiterated. Instead, we cite the parties to *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757 (Tex. 2003) (addressing factual insufficiency) and *Sterquell v. Scott*, 140 S.W.3d 453 (Tex. App.–Amarillo 2004, no pet.) (addressing both legal and factual insufficiency) for a discussion of them. Furthermore, we cannot forget that it is the charge submitted to the

[6]According to §304.103 of the Texas Finance Code, prejudgment interest accrued at the same rate as post-judgment interest. Furthermore, post-judgment interest accrued, when the judgment was signed here (*i.e.* September 5, 2002), at the rate of 10% per year. TEX. FIN. CODE ANN. 304.003(c)(2) (Vernon 1998) (the applicable rate before amendment to the statute in June of 2003).

6

jury, not the law, by which we measure the sufficiency of the evidence if no one objects to the charge. *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000).

Next, to be found culpable of theft, it must be shown that the accused unlawfully appropriated the property of another with the intent to deprive the owner of it. TEX. CIV. PRAC. & REM. CODE ANN. §134.002(2) (Vernon Pamph. Supp. 2004-2005); TEX. PENAL CODE ANN. §31.03(a). Here, the allegation involved the theft of property belonging to the Ivy Cottage partnership. Furthermore, one of the items taken by the Farnsworths was a decorative elephant which Janie Farnsworth knew the partnership bought for resale. That alone comprises more than a scintilla of evidence permitting the jury to say "yes" not only to the question asking whether "any" property removed belonged to the partnership but also to that asking whether the Farnsworths appropriated property with the intent to deprive the owner of it.[7] So, in perusing the record for only that evidence supporting the jury's answers to the questions as written and submitted by the trial court, we do encounter some which renders them legally sufficient.

As to the contention about the verdict lacking factually sufficient evidentiary support, we note that Janie Farnsworth testified to taking the elephant though knowing that it was the partnership's property. Nothing of record contradicts that. Given this, we cannot say, upon considering all evidence of record, that the evidence was factually insufficient to support the jury's answers to the questions at issue and as written.

---

[7]We note that the Farnsworths did not attack the jury's answer to question No. 9. It pertained to the value of the property taken. Given this, we need not determine whether the value of the elephant alone would support the answer to question nine. Nor do we address whether the trial court erred in awarding the Deavers, individually, damages for property owned by the partnership for no one questions it.

### *Issue Four - Attorney's Fees*

The fourth issue before us concerns attorney's fees. The Farnsworths contend that the trial court erred in awarding the Deavers $58,128 in such fees for trial preparation. This was purportedly so because the Deavers did not properly segregate fees which were recoverable from those which were not. Purportedly, the $58,000 sum included both. We overrule the issue.

Generally, attorney's fees incurred by one party are not recoverable from another unless allowed by statute or contract. *Burnside Air Conditioning and Heating, Inc. v. T.S. Young Corp.,* 113 S.W.3d 889, 898 (Tex. App.–Dallas 2003, no pet.). Moreover, when a claimant pursues multiple causes of action, some of which permit the recovery of fees while others do not, he has the burden of distinguishing between those fees incurred while prosecuting claims for which fees may be awarded from all others. *Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d at 416. Yet, segregation is not required when the causes of action are dependent upon the same facts or circumstances and, consequently, are intertwined and inseparable. *Id.* at 416-17. Should that situation arise, then all the fees incurred while prosecuting the intertwined claims may be awarded. *Id.*

Here, and as itemized in appellants' brief, the Farnsworths sued for a breach of contract and a declaratory judgment. So too did they seek an accounting and the dissolution of the partnership. In turn, the Deavers filed a counterclaim asserting that the Farnsworths breached the partnership agreement and committed theft under the Texas Theft Liability Act.

According to the provisions of the Texas Theft Liability Act, one who prevails under it may recover reasonable and necessary attorney's fees from his opponent. TEX. CIV.

PRAC. & REM. CODE ANN. §134.005(b) (Vernon 1997). As illustrated in issue two, the Deavers prevailed in their prosecution of their theft claim. Moreover, they did so by proving that the Farnsworths removed at least one item of partnership property without authorization of the partnership. That same allegation and evidence also comprised a basis on which the Deavers refused to fulfill their purported agreement to buy the Farnsworths' interest in the partnership. In short, they did not believe that they were getting the benefit for which they bargained. So, the facts pivotal to the cause upon which fees could be recovered, *i.e.* the theft claim, were also the same facts used to defend against the Farnsworths' claim of breached contract.

Additionally, it cannot be forgotten that the Farnsworths also sought a declaratory judgment from the trial court under §37.001 *et seq.* of the Texas Civil Practice and Remedies Code. Through that particular cause of action, the court was asked not only to declare that the Deavers had contracted to buy the Farnsworths' interest in the partnership and breached that contract but also to "determine the existence of the partnership, and the assets and liabilities of" it and "declar[e] and determin[e] the rights and obligations of the parties in such regard." More importantly, by making the request, the Farnsworths imbued the trial court with the discretion to award attorney's fees in any manner it deemed "equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. §37.009 (Vernon 1997). That did not mean the trial court was restricted to simply awarding them fees. On the contrary, the blanket of authority arising from the demand for declaratory relief and granted under §37.009 of the Civil Practice and Remedies Code encompassed the discretion to award fees to any party, including the Deavers. *First Nat. Bank v. J.E. Mitchell Co.*, 727 S.W.2d 360, 363 (Tex. App.–Amarillo 1987, writ ref'd. n.r.e.) (holding that fees may be awarded

9

to any litigant involved in the declaratory action in a manner deemed equitable and just by the trial court).  So, to the extent that the Deavers incurred attorney's fees while addressing the declaratory judgment allegations, the trial court was permitted to award them those fees.  And, those allegations, as worded by the Farnsworths, were all encompassing.

In short, of all the claims being asserted back and forth, we find none having facts or circumstances unrelated to those for which attorney's fees could be awarded in one way or another.  Given this, we cannot say that the Deavers neglected to segregate recoverable from unrecoverable fees.

### *Issue three – Whether a Breach of Fiduciary Duty is A Breach of Contract*

Via their third issue, the Farnsworths ask us to determine whether a breach of fiduciary duty constitutes a breach of any partnership agreement.  We read the issue as an attempt to negate one means by which the Deavers could obtain attorney's fees.  Yet, having held that independent basis existed to support the trial court's determination regarding fees, there is no need to address issue four to dispose of this appeal.  Accordingly, it is overruled as moot.

We modify that portion of the judgment awarding the Deavers $6134.37 against the Farnsworths and reduce the sum to $5694.36.  As modified and having overruled each issue, we affirm the judgment of the trial court.


                                        Brian Quinn
                                        Justice


10